## Case No. 5,188.

### GALE v. BABCOCK.

[4 Wash. C. C. 199.][1]

Circuit Court, D. New Jersey. April Term, 1822.

[1] [Originally published from the MS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Wall & Ewing, for plaintiff.

Mr. McIlvaine and Richard Stockton, for defendant.

THE COURT overruled the motion. The practice of amending declarations in eject-ment by introducing new titles, would be highly inconvenient, and is altogether unnec-essary; as distinct ejectments may be brought to try them. None of the cases cited are as strong as the present, and the court feels no disposition to encourage motions of this sort, particularly after the cause is at issue. Besides, this kind of action is institut-ed not by writ, but by service of the declara-tion on the tenant in possession, from which alone he is informed of the subject in con-troversy, and which he is to prepare himself to combat. In the instructions given to the counsel by the governor, he professes to act under the act of assembly; but it is perfectly clear that this case is not embraced by the act, as the jurisdiction of New Jersey can in no respect be involved in this action, or be affected by the decision either way. For whether the plaintiff or defendant prevails, the judgment can only affect the right to the soil, which is not claimed by New Jersey. The right of jurisdiction can only be settled by a suit between the two states. The amendment, in respect to the demise by the state of New Jersey, would be to make that state a party plaintiff in the cause, and the circuit courts of the United States have not jurisdiction in cases between a state and its own citizens, or citizens of other states; the judiciary law not having extended the juris-diction to such cases. Motion overruled.