## Case No. 11,385.

### PRENTISS v. BRENNAN.

[2 Blatchf. 162.] [1]

Circuit Court, N. D. New York.    Feb. 7, 1851.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP— CITIZEN OF STATE.

1. Under section 11 of the judiciary act of 1789 (1 Stat. 78), construed in connection with article 3, § 2, of the constitution of the United States, it is not sufficient to give jurisdiction of a suit to a circuit court, that one of the parties to it is an alien.

[Quoted in Cissel v. McDonald, Case No. 2,-729. Cited in State of Texas v. Lewis, 12 Fed. 3, 14 Fed. 66.]

2. The controversy, in order to give jurisdiction, must be one in which a citizen of a state and an alien are parties.

3. Where the plaintiff was a native of New-York, but had resided in Canada and been in business there for thirty years before bringing his suit, and resided there when he brought his suit, and had taken the oath of allegiance there to the queen of Great Britain, and the defend-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

ant was a citizen of Canada and a subject of the queen of Great Britain: *Held*, that this court had no jurisdiction of the case.

4. Though the plaintiff might, for some purposes, be regarded as a citizen of the United States, he was not a citizen of the state of New-York, which was essential to give jurisdiction.

[Cited in Darst v. City of Peoria, 13 Fed. 564.]

[Cited in State v. Boyd, 31 Neb. 715, 48 N. W. 739, and 51 N. W. 602.]

In equity. The plaintiff [Douglass Prentiss] filed his bill in this case against the defendant [Charles W. Brennan] for the settlement of a partnership account, claiming a large balance due to him from the firm, charging that the defendant had wrongfully taken possession of the partnership books, papers and effects, and had absconded with them from Kingston, in the province of Canada, where the partnership business had been carried on, into the state of New-York, and praying for an account and an injunction, &c. The bill described the plaintiff as of the city of Kingston, in the province of Canada, and a citizen of the state of New-York, and the defendant as a citizen of the province of Canada, and a subject of the queen of Great Britain. The defendant put in a plea to the jurisdiction of the court, setting forth that the plaintiff was then, and had been for more than twenty years preceding, a resident of, and located and domiciled in Kingston, in the province of Canada West, and not in the state of New York, or in any one of the United States, and had become a naturalized citizen of the province aforesaid, and had taken the oath of allegiance to the sovereign of Great Britain. The plea was verified by the oath of the defendant.

Upon the facts set forth in the plea, supported by affidavits, a motion was now made by the defendant to vacate an order allowing a writ of ne exeat, made by NELSON, Circuit Justice, on the filing of the bill and on affidavits showing a case for the writ, and to discharge the writ issued by virtue of the order. The principal ground of the motion was, that this court had no jurisdiction of the case, on account of the residence and character of the parties. The affidavits on the part of the plaintiff showed that he was a native of the state of New-York, but that, some thirty years before, he removed to Kingston, in the province of Canada, and had since that time been a resident of that place, engaged in mercantile business, and had taken the oath of allegiance there, in order that he might be enabled to purchase and hold real estate in said province.

Selah Mathews, for plaintiff.

Albertus Perry, for defendant.

NELSON, Circuit Justice. The second section of the third article of the constitution of the United States provides, that the judicial power of the United States shall extend, among other things, to controversies between a state, or the citizens thereof, and foreign states, citizens or subjects; and the eleventh section of the judiciary act of 1789 (1 Stat. 78), in carrying into effect this provision, declares that the circuit courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the United States are plaintiffs or petitioners, or an alien is a party, &c.

This act is defective in respect to the jurisdiction conferred upon the circuit courts in the case of aliens, as it would seem, from its language, that it might be sufficient to give jurisdiction to the court, if one of the parties was an alien. Construing it, however, in connection with the provision of the constitution, there can be no difficulty as to the meaning intended by congress. The controversy, in order to give jurisdiction, must be between a state, or a citizen thereof, and a foreign state, or a citizen or subject thereof; that is, speaking with reference to individual parties, the suit must be one in which a citizen of a state and an alien are parties. Jackson v. Twentyman, 2 Pet. [27 U. S.] 136.

The objection to the jurisdiction in the present case is, that the plaintiff is not a citizen of any particular state, and that this is essential to bring the case within the provisions of the constitution and of the act of congress made in pursuance thereof. If it had been shown that the plaintiff had returned to the state of New-York, and was a resident therein at the time of filing the bill, he would then have become redintegrated an American citizen, and entitled to the privileges belonging to that character; and then, being a resident of the state, he would have been a citizen thereof. But his residence and domicil are in the province of Canada, and not in this state; and hence, though for some purposes he may still be regarded as a citizen of the United States, he is not a citizen of the state of New-York, which is essential to give jurisdiction. Hepburn v. Ellzey, 2 Cranch [6 U. S.] 445; New Orleans v. Winter, 1 Wheat. [14 U. S.] 91; Gassies v. Ballon, 6 Pet. [31 U. S.] 761; Brown v. Keene, 8 Pet. [33 U. S.] 112; Picquet v. Swan [Case No 11,134]; Case v. Clarke [Id. 2,490]; Wilson v. City Bank [Id. 17,797]; Catlett v. Pacific Ins. Co. [Id. 2,517]; Cooper v. Galbraith [Id. 3,193]. The language of the constitution is explicit, that the controversy must be between a state, or the citizens thereof, and foreign states, citizens or subjects; and the above cases will show that the interpretation is in conformity therewith.

A person may be a citizen of the United States, and not a citizen of any particular state. This is the condition of citizens residing in the District of Columbia, and in the territories of the United States, or who have taken up a residence abroad, and others that might be mentioned. A fixed and permanent residence or domicil in a state is essential to the character of citizenship that will bring the case within the jurisdiction of the fed-

eral courts, as will appear from the cases already referred to.

As I am satisfied that this court has no jurisdiction in the case, and that the bill must eventually be dismissed on that ground, the writ of ne exeat heretofore issued ought not to be continued The rule entered granting the writ must therefore be vacated, and the defendant be discharged from custody.