## Case No. 10,793.

### PATCH v. MARSHALL.

[1 Curt. 452.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

Admiralty Jurisdiction — Foreign Vessel — American Seamen—Termination of Voyage—Domicil of Master—Official Act of Consul.

1. This court will not decline jurisdiction of an appeal, in a case of personal damage, brought by an American seaman, serving on board a British vessel, when the voyage was terminated here, and the master was domiciled in the United States.

[Cited in Lorway v. Lousada. Case No. 8,517; The Lilian M. Vigus, Id. 8,346; The Topsy, 44 Fed. 633.]

2. Though the court will not call in question the official acts of a British consul, in a foreign port, respecting the crew of a British vessel, it does not follow that it will not investigate the conduct of the master, in procuring the intervention of the consul, by which the seaman was imprisoned; if that amounts to a tort, so as to

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

render the master liable for the imprisonment, it stands on the same ground as other torts.

[Applied in Bernhard v. Creene, Case No. 1,-349.]

[Appeal from the district court of the United States for the district of Massachusetts.

[This was a libel for personal damages by James Marshall against Edward Patch, master of the brig Hope. From a decree of the district court in favor of libellant (case unreported), respondent appealed.]

Mr. Wheelock, for appellant.

Mr. Sawyer, for appellee.

Mr. Hillard, in support of the protest.

CURTIS, Circuit Justice. The district court having made a decree in favor of the libellant, and awarded to him damages, in the sum of four hundred dollars, together with his costs, the respondent appealed to this court, and entered his appeal at the present term. Some days afterwards, the consul of her Britannic majesty at the port of Boston, filed a protest against the jurisdiction of this court, assigning for causes, in substance: (1) That the brig Hope, on board which the libellant and respondent sailed, was a British vessel; and the respondent, her commander, a British subject. (2) That an investigation of some of the alleged causes of damage must call in question official acts and conduct of a British functionary in regard to British subjects, for which he is responsible only to his own government.

This objection to the jurisdiction must be first disposed of. The facts upon which its validity depends are, that the brig Hope was a registered vessel of Great Britain, and the master a British subject; that the voyage in question was made for account of merchants domiciled in Boston, who hired the master on wages, and provisioned and manned the vessel; but whether under a charter-party, or by reason of their ownership of the brig, does not appear.

The voyage, described in the shipping articles, signed by the libellant, is from the port of Boston to St. Jago de Cuba, and back to a port in the United States. The voyage actually performed was terminated in Boston, in July last; and the crew, including the libellant, were then and there discharged. The libellant was born in the United States, and is described in the articles as of Baltimore, in the state of Maryland. There is evidence tending to show that the libellant was not aware the brig was not a vessel of the United States, until after she sailed from Boston. The family of the master has, for a considerable time, resided in the neighborhood of Boston; and it did not appear that he has any other domicil.

Upon these facts, I am of opinion this protest must be overruled. It is not easy to perceive how it can be allowed, without impairing the rights of the respondent himself. It must be remembered that he is the appellant. The protest is, therefore, an objection against entertaining his appeal. But if not entertained, what is to be done? If the appeal should be dismissed, upon the ground that this court would not exercise its jurisdiction in the case, the decree of the district court would stand unreversed; and upon a certificate from this court, that the appeal had been so dismissed, the district court might find itself obliged to execute its decree; because the decision would not be that the district court had not jurisdiction, or under the circumstances did not properly exercise it, no objection thereto being there made; but only, that after a protest by the consul, this court would not entertain the appeal.

If, however, this difficulty were overcome, I should not see sufficient ground upon which I could decline to exercise jurisdiction. It is evident there must be a failure of justice, if I were to do so. The claim is in personam. The actual domicil of the master is here. The voyage was ended at this port. The libellant is a native of the United States, and here has his home. To require him to follow this master over the world, until he can find him in a British port, would practically deprive him of all remedy. I do not think any considerations of public convenience, or the comity extended by the courts of admiralty of one country to those of another, have any applicability to such a case. I do not consider it necessary to review the decisions in England and this country, on the subject of the exercise of the admiralty jurisdiction over foreigners. None of them apply to a case where the claim is for a personal tort, and the libellant is not a foreigner, and the respondent, though an alien, is domiciled here, and the voyage was begun and terminated in the United States.

It is true this court should not call in question a British consul, for his official acts respecting the crew of a British vessel in a foreign port. It is correctly stated in the protest, that he is responsible solely to his own government; or if to individuals, such responsibility grows out of the municipal laws of his country, which this court would not undertake to administer.

But it does not follow that the conduct of the master of such a vessel, in procuring the official intervention of the consul, upon false allegations, to the injury of an American citizen by imprisonment in a foreign jail, is not to be here investigated. That depends on other considerations, and is not distinguishable from any other wrong done by the master, of which this court should take or refuse jurisdiction according to the national character and domicil of the parties, and the place of termination of the voyage. The Courtney, Edw. Adm. 239; The Calypso, 2 Hagg. Adm. 209; The Sal-

acia, Id. 262; The Madonna, 1 Dod. 37; The Two Friends, 1 C. Rob. Adm. 271; The Johann Friederich, 1 W. Rob. Adm. 38; The Bee [Case No. 1,219]; The Jerusalem [Id. 7,293]. The protest, therefore, must be overruled.

The court then examined the evidence, and affirmed the decree of the district court.