## Case No. 11,579.

RATEAU v. BERNARD et al.

[3 Blatchf. 244.] [1]

Circuit Court, S. D. New York.   Dec. 30, 1854.

ALIENS — INJUNCTION — PARTIES — COLLECTOR OF CUSTOMS — COURTS — FEDERAL JURISDICTION — CITIZENSHIP—SALE—PURCHASE FROM FRAUDULENT HOLDER.

1. This court will not, on affidavit, and on the hearing of an application for an injunction, founded on a bill which avers the citizenship of a defendant, dispose of the objection that he is an alien, unless the fact of such alienage is indisputably clear. Where such alienage is to be set up, it must be pleaded, particularly where he is resident in the United States, and is transacting business there.

2. Where goods are entered at the customhouse, and are then deposited in a bonded warehouse, the collector, although having the custody of the goods, is not a proper party to a suit between rival claimants to the ownership of the goods, where it is not alleged that the collector is acting wrongfully and without authority of law.

3. In order to give jurisdiction, in a suit brought in this court, one party, plaintiff or defendant, must appear by the record to be a citizen of the United States.

[Cited in State of Texas v. Lewis, 14 Fed. 67; Laird v. Indemnity Mut. Marine Assur. Co., 44 Fed. 712.]

4. Joining an alien with a citizen will not affect the jurisdiction, especially if the alien is not a material party.

[Cited in Grover & Baker Sewing Mach. Co. v. Florence Sewing Mach. Co., 18 Wall. (85 U. S.) 586.]

5. The title of the purchaser of property from a fraudulent holder of it, can only be sustained when he acquired it bona fide, and without notice of the wrongful possession of his vendor. Otherwise, such vendee will hold the property subject to all the remedies that could be enforced against it in the hands of such vendor.

[Cited in Wafer v. Harvey County Bank (Kan. Sup.) 26 Pac. 1036.]

6. Where A. averred, in his bill, that B. obtained goods from him by fraud, and had sold them to C. by a sham sale, or with knowledge by C. of such fraud, and without consideration, an injunction was granted, before answer, to restrain B. and C. from parting with or interfering with the goods. But an injunction against the collector, in whose custody the goods were, in a bonded warehouse, on an entry of them by B., was refused.

In equity. The bill in this case set forth, that the plaintiff [Jean C. O. Rateau] and the defendant Pierre L. Bernard were French subjects, and that the defendant Eugene Terray was a citizen of New York. It averred that, in May, 1854, Bernard, through fraudulent representations, made to the plaintiffs' firm in France, of which firm, it having since gone into liquidation, the plaintiff was now the liquidator, procured that firm to send to Bernard, at Havre, a quantity of brandy, for the purpose of being delivered to a person who was represented by Bernard as desiring to purchase it to send to Chili; that Bernard did not deliver the brandy to such person, but shipped it to New York, and went him-

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

self in the vessel with it; that he arrived at New York on the 24th of July, and put the brandy into a bonded warehouse; that. on the 10th of August, he made a sham sale of it to Terray, or a sale with full knowledge by Terray of the fraud, and without consideration; that Bernard had not paid for the brandy; that the plaintiffs' firm never sold it to Bernard, and parted with it only on his false representations; that Bernard, after his flight from France, was declared a bankrupt there, and was insolvent; and that the brandy was now in a bonded warehouse at New York. and under the control of the defendant Heman J. Redfield, as collector of that port. The bill prayed for an injunction to restrain the defendants from parting with the brandy, or from intermeddling or interfering with it, and for the appointment of a proper person as receiver of it. The plaintiff now moved for an injunction and a receiver. The defendant Redfield opposed the motion, on an affidavit showing that the brandy was in his possession as collector; that it was entered by Bernard on the 25th of July, under the warehousing act [10 Stat. 270]; that Bernard. on entering it, produced a regular bill of lading; that. before the commencement of the suit, he had paid the duties on it, and had withdrawn the whole or a greater part of it from the warehouse; and that the law required the collector to regard the party who was the first to enter merchandise under a regular bill of lading as its owner, so far as to entitle him to pay duties on it, and to receive from the collector a permit for its delivery.

Peter Y. Cutler and James Morrogh, for plaintiff.

William D. Craft. for Bernard.

C. Bainbridge Smith. for Terray.

John McKeon. Dist. Atty., for Redfield.

BETTS. District Judge. The plaintiff is a French subject. Bernard, one of the defendants, is also alleged in the bill to be an alien. Terray, it is charged. is a citizen of the United States, and Redfield is United States collector for the port of New York. and is proceeded against in that capacity. The first-named two defendants appear and oppose the motions, upon voluminous depositions.

For the collector it is objected, that he is not amenable to the suit in this mode of proceeding--his acts, as charged, being purely official, and within the plain scope of his authority. And it is insisted that the suit cannot be maintained against Bernard and Terray, because they are both aliens. The averment of the bill as to the citizenship of Terray cannot be countervailed in this mode. The fact of his alienage should have been pleaded. particularly as he is resident in the United States. and is transacting business there, so as to raise the presumption that he is a citizen. An issue upon the fact would obtain a judicial decision in a way to entitle either party to an appeal, and the court, where the matter is not indisputably clear, will not attempt to dispose of that point upon affidavits, and on the hearing of an interlocutory motion.

I consider the collector only a formal party and unnecessarily joined in the action. His possession of the property is strictly official, and the tenure and conclusion of that possession are fixed by statute. Where there is no allegation that he is acting wrongfully and without authority of law, individuals have no right to interfere with and control his official acts, in order to subserve claims and interests personal to themselves alone. It would be against the public convenience and the spirit of the revenue laws, to allow a collector, at the instance of private suitors, to be made a garnishee of imports coming into his hands, or to permit the public warehouses to become depositories of private property, pending litigations between opposing claimants to it. When goods entered for the payment of duties have fulfilled the requirements of law. the authority of the collector over them is terminated, and he is bound to deliver them over in conformity with the documentary title filed in his office. After that delivery, individuals can pursue their legal claims and remedies against the goods according to law, and ample means are secured to them to have the goods so placed as to answer their rights.

If all the parties to the action, other than the collector, were aliens, it is clear that this court could not take cognizance of it. One party, plaintiff or defendant, must be a citizen of the United States, and that must appear upon the record. Jackson v. Twentyman, 2 Pet. [27 U. S.] 136. Joining an alien with a citizen will not affect the jurisdiction, especially if the alien is not a material party. Equity rule 47; Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 152; Harding v. Handy, 11 Wheat. [24 U. S.] 103; Vattier v. Hinde, 7 Pet. [32 U. S.] 252; Boon's Heirs v. Chiles. 8 Pet. [33 U. S.] 532.

I do not regard the objection made in this case as well taken, because the plaintiff's case rests upon a right to arrest these goods in the hands of Terray, who, upon his own showing and that of Bernard, is owner of them, as against the latter. If the plaintiff is able to support his allegation, that Terray purchased them knowing of the fraudulent conduct of Bernard in obtaining them from the plaintiff, or had notice of such fraud, he will hold them subject to the same legal and equitable remedies that could be enforced against them in the hands of Bernard. The only fact which supports the title of a purchaser of property from a fraudulent holder is, that he acquired it bona fide, and without notice of the wrongful possession of his vendor. Root v. French, 13 Wend. 570; Cary v. Hotailing. 1 Hill, 311; Allison v. Matthieu. 3 Johns. 235; Mowrey v. Walsh, 8 Cow. 238; Acker v. Campbell. 23 Wend. 372; Durell. v. Haley, 1 Paige, 492.

The allegations of the bill, unless disproved, very probably afford a right to the plaintiff to arrest this property in the hands of Terray, even if he is a bona fide purchaser, as the false pretenses charged against Bernard, as the means by which he obtained possession of them, may amount to a felony. Robinson v. Douchy, 3 Barb. 20; Andrew v. Dieterich, 14 Wend. 31.

The case made by the bill is sufficient, in my judgment, to require the defendant Terray to file his answer, before he can prevent the arrest of the property to stand in pledge, to respond to the title of the plaintiff. When the answer comes in, the court can determine whether the injunction shall continue till the final hearing.

A provisional injunction, until the further order of the court, is awarded, pursuant to the prayer of the bill, against Bernard and Terray, and, if the parties do not agree as to the custody of the property, a motion may be made by the plaintiff for the appointment of a proper receiver. The injunction against the collector is refused.