HIMILI (ROSE v.). See Cases Nos. 12,047 and 12,048.

HINCHLEY (LOVE v.). See Case No. 8,-548.

HINCHMAN, The KATE. See Cases Nos. 7,-620 and 7,621.

HINCKEL (EASTMAN v.). See Case No. 4,-256.

---

## Case No. 6,510.

### HINCKLEY v. BYRNE et al.

[1 Deady, 224.] [2]

Circuit Court, D. California. April 22, 1867.

EJECTMENT — PLEA IN ABATEMENT—JURISDICTION —CITIZENSHIP.

1. In an action ex delicto, a plea in abatement by one defendant, to the effect that the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

court has not jurisdiction of his co-defendant, is bad on demurrer. Such objection is personal, and cannot be made by one defendant for another.

2. An action of ejectment against several defendants is in effect a separate action against each of them, and an objection to the jurisdiction of the court on account of the status of a particular defendant, can only be taken by such defendant for himself.

3. An allegation in a plea in abatement that all the defendants in an action are not citizens of California, is bad on demurrer for uncertainty; the plea should state which of such defendants are not such citizens.

4. Where both plaintiff and defendant are aliens, the judicial power of the United States does not extend to the case, on account of the character of the parties thereto.

5. Where the action is between a citizen of a state and the subject of a foreign state, the court has jurisdiction, on account of the character of the parties, without reference to the fact of which of them is plaintiff or defendant.

This was an action [by William H. Hinckley against John M. Byrne, Samuel Crim, Edward F. Beale, M. Myerstein, Deutsche Buchendung, F. W. Barkhaus, D. Barkhaus, William Kroning, J. Brewster, S. Haas, Joseph Kohler, F. X. Huber, John Anthes, Hip Hing, Wau Hup, Soo Chung, San Jee, Sam Kee, Abel Guy. John Doe, Richard Roe, John Doe, Jr., Richard Roe, Jr., John Doe, 3, and Richard Roe, 3] to recover possession of a 50-vara lot in San Francisco, on the southwest corner of Sacramento and Kearny streets, alleged to be worth $300,000. Upon the part of some of the defendants there was a plea in abatement to the jurisdiction of the court on account of the status of some others of the defendants, to which the plaintiff demurred.

William T. Wallace and John B. Felton, for plaintiff.

G. F. & W. H. Sharp, for defendants.

DEADY, District Judge. The complaint in this action alleges "that the plaintiff is a citizen and actual resident and inhabitant of the state of Massachusetts, United States of America," and "that each and all of the defendants * * * are citizens and residents of the state of California." There are a large number of defendants. A portion of them plead in abatement to the jurisdiction of the court. One of them pleads separately, submitting to the jurisdiction, but denying the ouster and possession. A number of the defendants do not plead at all. To the plea in abatement, the plaintiff demurs that the matters therein pleaded are not sufficient to abate the action. The plea avers that at the time of the commencement of the action, nor since, all the defendants were not citizens of the state of California or of the United States, but that Soo Chung, Hip Hing, and William Kroning, are each and all aliens and citizens and subjects of the empire of China, except said Kroning, who is an alien. The first averment in this plea assumes that because all the defendants are not citizens of the state

of California, the court has no jurisdiction over any of them, and further, that the defendants joining in this plea, who are citizens of California, with one exception, may make the objection that their co-defendants are aliens, although such alien defendants refuse to join in the plea but submit to the jurisdiction. For reasons which will appear hereafter, I do not deem it necessary to absolutely decide the questions suggested by this statement of the plea. But I think that the objection to the jurisdiction of the court, that any of the defendants has not the status as to citizenship or alienage to give the court jurisdiction over him, can only be made by such defendant.

In an action ex contractu where the defendants are jointly liable, such an objection when taken by the proper defendant would abate action as to all, for it must be maintained as a whole or fail. But the objection is a personal privilege and cannot be made by one defendant for another. This is an action ex delicto, without even a community between the defendants in the wrong complained of, except they happen to be within the exterior lines of the premises sought to be recovered. In effect, the action is a separate one against each of them. The defendants are entitled to separate defences for such parts of the property as they may choose to defend for and to have a separate verdict and judgment upon such defence. In such case, the objection to the jurisdiction of the court on account of the status of the defendant, should not be allowed to affect the jurisdiction as to other defendants. An allegation that all the defendants are not citizens of the state of California, even although all the defendants joined in such plea, would be bad for uncertainty, because it would not apprise the plaintiff which of such defendants were not such citizens, so that he could be prepared to support the controverted allegation with proof. But independent of these considerations, this demurrer must be sustained. The plea is bad in every respect. The constitution (article 3, § 2) provides that "the judicial power shall extend to all * * * controversies between a state or the citizens thereof, and foreign states, citizens or subjects." Section 2 of the judiciary act (1 Stat. 78) provides, that "the circuit courts shall have original cognizance, concurrent with the courts of the several states of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state."

It has long since been settled that an action between aliens only cannot be maintained in the circuit court. That the language of the judiciary act, giving jurisdiction where "an alien is a party," must be restrained within

the terms of the constitution, which only "extends the judicial power" to an action between an alien and a citizen of a state of the United States. When both plaintiff and defendant are aliens, the judicial power of the United States does not extend to the case. Montalet v. Murray, 4 Cranch [8 U. S.] 46; Mossman v. Higginson, 4 Dall. [4 U. S.] 12; Piquignot v. Pennsylvania Ry. Co., 16 How. [57 U. S.] 104. But the second part of this plea in abatement assumes, that if the party defendant is an alien or subject to a foreign state, the court has no jurisdiction. This assumption is not warranted by the constitution or judiciary act, but is in direct contradiction of both. If the action is between a citizen of a state and the subject of a foreign state, the court has jurisdiction. It is immaterial which party is plaintiff or which defendant. In Jackson v. Twentyman, 2 Pet. [27 U. S.] 136, the court says: "That by the constitution the judicial power was not extended to private suits in which an alien is a party, unless a citizen be the adverse party." The case at bar comes within the latter alternative. Admitting the facts as affirmatively stated in the plea, the court has jurisdiction, because the plaintiff is a citizen of the state of Massachusetts, and the defendants, Soo Chung, Hip Hing and Kroning, are subjects of a foreign state. The action is between them and each is the adversary of the other. Then, whether these defendants are all citizens of the state of California, as alleged in the complaint, or a part of them are subjects of a foreign state, as averred in the plea, it makes no difference. The jurisdiction of the court is undoubted in either case.

I may add, that as a question of pleading, the plea is otherwise insufficient, as to Kroning. It alleges that he is an alien. To allege that a party is alien is not sufficient to give jurisdiction to the court. Wilson v. City Bank [Case No. 17,797]. By a parity of reasoning such an averment is not sufficient in a plea of abatement for the purpose of preventing the jurisdiction of the courts. The language of the constitution is, that the party is a citizen or subject of a foreign state. As a matter of practice I think the plea ought also to disclose the name of the particular foreign state of which the party claims to be a citizen or subject, so as to give the adverse party an opportunity to traverse it. The demurrer is sustained, with leave to the defendants joining in the plea in abatement to answer to the merits within five days, and upon the payment of the costs of the plea and demurrer.