## STATE OF TEXAS *v.* LEWIS and others.

(*Circuit Court, N. D. Texas.*   October Term, 1882.)

1. REMOVAL OF CAUSES—STATE AGAINST ALIEN.

    The grant of original jurisdiction by article 3, § 2, of the constitution, to the United States supreme court in all cases in which a state is a party, does not preclude congress from conferring jurisdiction upon the circuit courts in cases brought by a state against an alien; and by section 639 of the Revised Statutes, in terms and effect providing for the removal of such cases from the state courts congress has conferred such jurisdiction in removed cases.

2. REVISED STATUTE, § 639—ACT OF CONGRESS, MARCH 3, 1875.

    Section 639 of Revised Statutes is not repealed by act of March 3, 1875, except by merger, and a case which could have been removed under the former provision, but could not be under the latter act, may still be removed.

On Motion to Remand.

*Clark & Dyer* and *Chas. A. Jennings,* for plaintiff.

*Hancock & West* and *Gen. Tom Harrison,* for defendants.

PARDEE, C. J.   This cause was heard on the motion to remand at the last term by the district judge sitting in the circuit court, and the motion was denied.   See 12 FED. REP. 1.   The motion has been reargued at this term, at the suggestion of the district judge, that the circuit judge might also pass upon the case.   In reaching the same conclusion as before but little need be said in addition to the reason formerly given by the district judge.   It seems now to be undisputed that the suit is one "against an alien," and that the first clause of section 639, Rev. St., (twelfth section of judiciary act of 1789,) in terms and effect provides for the removal of the case to this court. And there is not much contention that the first clause of section 639 is not repealed by the subsequent legislation of March 3, 1875, except by merger.   There is no express repeal in the act of 1875, § 10, of any specified previous acts, the repeal being only of "all acts and parts of acts in conflict with the provisions of this act."

"It would seem that subdivision 1 of section 639, Rev. St., is practically repealed by reason of being merged in the more enlarged right given by the act of 1875.   If, however, a case should arise which could be removed under this provision, but which could not be removed under the act of 1875, the former would be held to be still subsisting."   Dill. Rem. 28.

And this view taken by Judge DILLON seems to be the correct view of the question.   The case under consideration is not claimed to be within the provisions of the act of 1875, but it is within the provisions of the first subdivision of section 639.   The said section must

be then held as still subsisting for this case, if for no other. The case must be taken, then, as one which congress has provided may be removed from a state court to this court and be tried in this court, and the only question open for discussion and decision is whether congress had the constitutional authority to pass such provision. The suit being one by a state against an alien, there is and can be no question that the judicial power of the United States extends to it, under the first clause of section 2, art. 3, of the constitution of the United States. The second clause of said section reads:

" In all cases affecting ambassadors, other public ministers, and consuls, and those in which a state shall be a party, the supreme court shall have original jurisdiction. In all the other cases before mentioned the supreme court shall have appellate jurisdiction, both as to the law and fact, with such exceptions and under such regulations as the congress shall make."

And this brings us to the real question for determination here, i. e., does the grant of original jurisdiction to the supreme court in all cases in which a state shall be a party, preclude the congress from conferring jurisdiction upon the circuit court in cases brought by a state against an alien? The eleventh amendment of course settles that in cases brought or prosecuted by an alien against one of the United States, the courts of the United States are without jurisdiction. If congress can confer jurisdiction upon the circuit court in cases brought by a state against an alien, then, as we understand section 639, Rev. St., congress has done so in cases brought by a state against an alien, in a state court, by authorizing the removal of such case to the circuit court, and directing that the case shall be proceeded with in the circuit court. Whether congress has authorized such cases to be originally instituted in the circuit court does not matter at this time. The full examination given this question by counsel and by ourselves shows no decision of this precise question by the supreme court, and only one decision by inferior courts of the United States, to-wit: Gale v. Babcock, 4 Wash. C. C. 199, 344. There may be other cases, but our industry has not found them.

The case of Gale v. Babcock, supra, was a case in all its material points identical with the one under consideration. The decision was adverse to the right of removal, and to the thus acquired jurisdiction of the circuit court; but Justice. WASHINGTON, who decided the case, assumed as axiomatic the want of jurisdiction, and gives no reasons. The other cases cited by counsel as bearing on the question (Prentiss v. Brennan, 2 Blatchf. 164; Georgia v. Brailsford, 2 Dall. 402; State v. Trustees, 5 N. B. R. 466; Wisconsin v. Duluth, 2 Dill. 406; Cohens

*v. Virginia,* 6 Wheat. 264; *Osborn* v. *Bank,* 9 Wheat. 738; *The Wheeling Bridge Case,* 13 How. 520; 4 Dall. 12; 2 Pet. 136; 5 Cranch, 303; 2 Blatchf. 162; 3 Blatchf. 244) have all been considered in the opinion heretofore rendered in this case by Judge McCormick; and it is only necessary to further remark that the decision in no one of them is in conflict with the conclusions reached in the case. In all those cases, and in many others, the judges have argued the question of the jurisdiction of the circuit courts in cases where a state was the plaintiff, and have intimated opinions for and against the power of congress to confer such jurisdiction, but in no one of them was the question really in issue.

In our opinion the argument, so far as reason is concerned, and so far the *dicta* of eminent jurists go, is in favor of the power of congress, and we think that in cases like this under consideration congress has conferred the jurisdiction. There is no necessity to go over the cases and elaborate the reasoning of judges in favor of this proposition. Our examination makes it clear to us that the better judgment is on the side of the power of congress in the premises. This conclusion is strengthened by a line of authorities in cases arising under the same constitutional provisions in regard to consuls.

Cases affecting consuls stand in the same precise category as cases in which a state shall be a party; that is, the judicial power of the United States extends to them, and the supreme court is given original jurisdiction in them. The ninth section of the judiciary act of 1789 (Rev. St. § 563, subd. 17) expressly conferred jurisdiction on the district courts "of all suits against consuls or vice-consuls, except for offenses," etc. The objection was early made—as early as in 1793—that this was in violation of the constitution as trenching on the original jurisdiction conferred upon the supreme court. *U. S.* v. *Ravarra,* 2 Dall. 297. According to Chief Justice Taney the question was variously decided and argued by eminent judges and jurists through a series of cases thereafter, and the question remained an open one until the case of *Davis* v. *Packard,* 7 Pet. 281, directly affirmed the constitutionality of the act of 1789. See *Gittings* v. *Crawford,* Taney, 1 *et seq.,* in which case the chief justice, after reviewing the prior decisions and opinions, and following, as he says, the case of *Davis* v. *Packard,* the opinions of elementary writers, and the contemporaneous construction of congress, decided in favor of the act of 1789.

Seventeen years afterwards Judge Betts, with Justice Nelson concurring, held the same way. *St. Luke's Hospital* v. *Barclay,* 3

Blatchf. 259. Two years afterwards, in the case of *Graham* v. *Stucken*, 4 Blatchf. 50, Justice NELSON again goes over the arguments and authorities on the question as to the constitutionality of the act of 1789, in relation to consuls, and in a very lucid opinion maintains the act. The following passage from his opinion bears directly upon the case under consideration. He says:

"Again, the grant of original jurisdiction to the supreme court is the same in the cases (mentioned in the previous clause of the constitution) in which a state shall be a party, as in the case of a consul. Those cases are controversies (1) between two or more states; (2) between a state and citizens of another state; (3) between a state and foreign states; (4) between a state and citizens of a foreign state—that is, aliens. Now, if the grant of original jurisdiction be exclusive, in the supreme court, in the case of a consul, it is equally exclusive in the four cases above enumerated; *for the grant is in the same clause and on the same terms.* And yet in the thirteenth section of the judiciary act, already referred to, it is provided that the supreme court shall have exclusive jurisdiciton, etc., where a state is a party, etc., except between a state and citizens of other states or aliens, in which latter case it shall have original but not exclusive jurisdiction. According to the argument, the whole of this exception would be unconstitutional, as the cases mentioned should have been vested exclusively in the supreme court."

Since this case was decided, in 1857, we find no case in any federal court where the constitutionality of the act of 1789, in relation to consuls, has been disputed, and it is very questionable if there is any doubt at the bar at this day as to the question. If there is no doubt —no question as to the power of congress to confer jurisdiction upon the inferior courts—in cases affecting consuls, why should there be in cases where a state is a party, since, as Justice NELSON well says, "the grant is in the same clause and on the same terms?" The motion to remand this case to the state court, from which it is brought here, is denied, with costs.

The lands involved in this case were the university lands of the state of Texas, situated in McLennan county, about 11 leagues in extent, and very valuable.

See S. C. 12 FED. REP. 1.