POOLEY v. LUCO et al.

(Circuit Court, S. D. California. February 24, 1896.)

No. 657.

1. CIRCUIT COURTS—JURISDICTION—SUITS BETWEEN ALIENS.
   The circuit courts of the United States have no jurisdiction of suits between aliens.
2. SAME—CONSUL AS PARTY.
   The fact that a consul of a foreign nation is a party to a suit does not give the circuit court of the United States jurisdiction thereof.
3. SAME—LOCATION OF SUBJECT-MATTER.
   The fact that a suit relates to land lying within the district does not give jurisdiction thereof to the circuit court of the United States, when it would not otherwise exist.

Allen & Flint, for complainant.
Willoughby Cole, for defendant Luco.

WELLBORN, District Judge.    One of the defendants, Juan M. Luco, pleads to the jurisdiction of the court, and the question now to be determined is as to the sufficiency of this plea.    The suit is brought by the complainant, a subject of Great Britain, against said Luco and various other parties, alleged to be citizens of the United States, to foreclose a mortgage executed by said Luco and others of the defendants, on certain real estate, situated in the county of San Diego, in the Southern district of California.    Said Luco denies that he is a citizen of the United States, and alleges that he is a citizen of Chile, and the duly-appointed and recognized consul general of Chile for the United States, residing in the city of San Francisco, state of California.

Jurisdiction, if it exists at all, must rest upon one or more of the following grounds:    First, diverse citizenship of the parties; second, consular status of defendant Luco; third, location in this district of the res,—the mortgaged property.    These grounds I will examine in the order of their statement.

1. The question whether or not a circuit court has jurisdiction of a case, on the ground that both parties are aliens, has been authoritatively and often decided in the negative.    Montalet v. Murray, 4 Cranch, 46; Hodgson v. Bowerbank, 5 Cranch, 304; Prentiss v. Brennan, Fed. Cas. No. 11,385; Jackson v. Twentyman, 2 Pet. 136; Rateau v. Bernard, Fed. Cas. No. 11,579; Hinckley v. Byrne, 1 Deady, 224, Fed. Cas. No. 6,510.

In this last case, Deady, J., used the following language:

"It has long since been settled that an action between aliens only cannot be maintained in the circuit court; that the language of the judiciary act giving jurisdiction where 'an alien is a party' must be restrained within the terms of the constitution, which only 'extends the judicial power' to an action between an alien and a citizen of a state of the United States. When both plaintiff and defendant are aliens, the judicial power of the United States does not extend to the case."

The controversy in the case at bar being between aliens, there is not such diverse citizenship as brings the case within the federal jurisdiction.

2. Has the court jurisdiction because of the consular status of the defendant? In his opening brief, plaintiff contends that "the circuit court of the United States has jurisdiction, concurrent with the district court, in cases affecting consuls"; citing Bors v. Preston, 111 U. S. 252, 4 Sup. Ct. 407. I have examined the case cited carefully, and, so far from supporting, it seems to me antagonistic to complainant's contention. In that case the plaintiff was a citizen of New York, and the defendant consul, at the port of New York, for the kingdom of Norway and Sweden; but the latter's citizenship did not affirmatively appear, either in the pleadings or elsewhere in the record. The ruling of the court was to the effect that, inasmuch as the complainant was a citizen of New York, jurisdiction must depend upon the alienage of the defendant; and, further, that such alienage could not be inferred from the fact that the defendant held and exercised the office of consul of a foreign government, and, therefore, that the record "did not present a case which the circuit court had authority to determine." Since the consular character of the defendant was one of the prominent facts in the case, the decision necessarily holds that the fact of a defendant being a consul of a foreign government does not confer jurisdiction upon the circuit court. The opinion, however, declares that, where there is a controversy between a citizen and an alien, jurisdiction is not defeated by the fact that the alien happens to be the counsel of a foreign government.

The other case cited by plaintiff (Valarino v. Thompson, 7 N. Y. 576) seems to me to be also strongly against his contention. While the points there decided were: "A consul of a foreign government, residing in the United States, is not liable to be sued in the state courts. * * * The fact that the consul is impleaded with a citizen upon a joint contract will not give jurisdiction to the state courts,"—yet the decision was based upon the ground that the district court of the United States had jurisdiction of the cause, exclusive of the state courts. Nowhere in the opinion is there even an intimation of jurisdiction in the circuit court.

In Lorway v. Lousada, 1 Lowell, 77, Fed. Cas. No. 8,517, also cited by plaintiff, the action was pending in the district court, and the decision was simply to the effect that that court, not the circuit court, had jurisdiction. The first paragraph of the syllabus is as follows:

"The district court has jurisdiction of a suit brought by an alien against the consul of his nation, residing within the district, to recover the amount of official fees improperly exacted."

The Havana, 1 Sprague, 402, Fed. Cas. No. 6,226, another of plaintiff's citations, was a case also in the district court, and in admiralty. The discretionary power to hear and determine a cause, there asserted, rests upon a rule of law peculiar to admiralty, and confined to the district court.

In Lorway v. Lousada, supra, the rule is expressed thus:

"Courts of admiralty, it is true, exercise a considerable latitude of discretion in entertaining suits between strangers; and they are guided to some extent in the particular case by the nature of the controversy, whether it involves a question of general law or only the local law of the foreign country. This distinction, perhaps, arose out of the great diffidence with which courts

of admiralty in England were formerly accustomed to approach questions of local law, whether domestic or foreign. However this may be, it is now the better opinion, in this country at least, that where circumstances make it either necessary or highly convenient that the jurisdiction should be retained, as, for instance, when the voyage of a foreign vessel is broken up here, a court of admiralty will take the case, whether the law which it will be bound to administer happen to be local or general. In short, the question is one of discretion in the exercise of an admitted power, and not of the power itself. See, per Taney, C. J., Taylor v. Carryll, 20 How. 611; The Havana, 1 Sprague, 402, Fed. Cas. No. 6,226; The Wilhelm Frederick, 1 Hagg. Adm. 138; Patch v. Marshall, 1 Curt. 452, Fed. Cas. No. 10,793; The Jerusalem, 2 Gall. 191, Fed. Cas. No. 7,293; notes to 2 Pars. Mar. Law, bk. 3, c. 3. And the remark of Mr. Justice Curtis in Patch v. Marshall, 1 Curt. 455, Fed. Cas. No. 10,793, is to be understood, I have no doubt, in reference to a court of admiralty and its jurisdiction, which alone was involved in that case."

No case has been brought to my attention where it has been held, or even intimated, that the consular character of a party to the controversy gives jurisdiction to the circuit court. Nor do I believe that such a precedent can be found. There is no statutory provision conferring upon the circuit court jurisdiction on the ground indicated, while the jurisdiction seems to be granted, in terms, to the district courts. Rev. St. U. S. § 563, subd. 18.

In Bors v. Preston, supra, the supreme court, at page 263, 111 U. S., and page 407, 4 Sup. Ct., says:

"But as this court and the district courts are the only courts of the Union which, under the constitution or the existing statues, are invested with jurisdiction, without reference to the citizenship of the parties, of suits against consuls, or in which consuls are parties, and since the circuit court was without jurisdiction, unless the defendant is an alien or a citizen of some state other than New York, it remains to consider whether the record shows him to be either such citizen or an alien."

See, also, Lorway v. Lousada, supra.

Whether the state courts have concurrent jurisdiction with the district courts in suits against consuls since the repeal of paragraph 8 of section 711 of the Revised Statutes has not been definitely adjudicated. Froment v. Duclos, 30 Fed. 385. Plaintiff, in his concluding brief, suggests that although the supreme court in Bors v. Preston, has declared that subdivision 8 of section 711 of the Revised Statutes is repealed, "yet we find it to-day in the second edition of the Revised Statutes," etc. While it is true that the subdivision of the section in question is still found in the second edition of the Revised Statutes, yet it is printed in italics, thus denoting that the subdivision is repealed. See preface to second edition of the Revised Statutes. However, it is not necessary, in this case, to decide either upon the jurisdiction of the state courts or the federal district courts. Whatever may be the law with reference to these courts, I am clearly of opinion that the circuit court has not jurisdiction of a case because of the consular character of the defendant.

3. The remaining question is: Does the situation, in this district, of the mortgaged property, give jurisdiction to the circuit court? To my mind, clearly not. Mossman v. Higginson, 4 Dall. 11. In that case the suit was brought to foreclose a mortgage.

Complainant was a subject of Great Britain. The record did not disclose the citizenship of the defendants. The jurisdiction of the court was objected to, because of this latter fact. Complainant below urged that, since the suit was to foreclose a mortgage, the mere alienage of one of the parties was sufficient. To this it was replied by the defendants:

"The judiciary act was only intended to carry the constitution into effect, and cannot amplify or alter its provisions. The constitution nowhere gives jurisdiction (nor has any judge ever countenanced the idea) in suits between alien and alien. It is not an exception to the rule that the bill in equity is in the nature of a proceeding in rem, for there cannot be a foreclosure of the equity of redemption without a personal suit."

The second paragraph of the syllabus of the court is as follows:

"In proceedings in a federal court in equity to foreclose, it is as necessary to describe the parties as in any other suit."

The opinion of the court was brief, and as follows:

"The decisions on this subject govern the present case; and the eleventh section of the judiciary act can and must receive a construction, consistent with the constitution. It says, it is true, in general terms, that the circuit court shall have cognizance of suits 'where an alien is a party'; but as the legislative power of conferring a jurisdiction on the federal courts is, in this respect, confined to suits between citizens and foreigners, we must so expound the terms of the law as to meet the case 'where, indeed, an alien is one party,' but a citizen is the other. Neither the constitution nor the act of congress regards, on this point, the subject of the suit, but the parties. A description of the parties is therefore indispensable to the exercise of jurisdiction."

It will be observed that the judiciary act of 1789, as stated by the court in the opinion last quoted, provided "that the circuit court shall have cognizance of suits 'where an alien is a party'"; yet, under that provision, the court, in view of the constitutional provision limiting jurisdiction to suits between citizens and foreigners, held that jurisdiction did not exist, except "where, indeed, an alien is one party, but a citizen is the other." The expression found in the judiciary act of 1789, "where an alien is a party," is omitted from the judiciary acts of 1875, 1887, and 1888, and the cases covered by said expression, as judicially construed, provided for in the words "or a controversy between citizens of a state and foreign states, citizens, or subjects." Section 8 of the judiciary act of March 3, 1875, referred to in complainant's brief, and above cited, entitled "An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of cases from state courts, and for other purposes," providing for service upon absent defendants in suits to enforce liens, etc., does not purport to confer jurisdiction where it would not otherwise exist, but simply prescribes certain procedure in cases where jurisdiction does exist; or, more specifically, where a suit is within the jurisdiction of the court, and the object of the suit is to enforce a lien, etc., and some of the defendants are absent from the district within which the suit is brought, then the section is applicable, and simply provides a mode of service on such defendants.

The case of Wheelwright v. Transportation Co., 50 Fed. 709, cited by complainant, does not conflict with this construction of said act, because in that case, which was brought in Louisiana, there was diverse citizenship, the plaintiff being a citizen of the state of New York, and the defendant a citizen of the state of New Jersey. While it is true the opinion speaks of said section 8 as conferring jurisdiction, yet it must be remembered that the question of jurisdiction, accurately speaking, was not before the court, because, admittedly, there was such diverse citizenship as gave jurisdiction. The real question was whether or not, admitting the parties to be citizens of different states, the defendant could be sued in a district other than that of his own or plaintiff's residence. This was a question, not of jurisdiction, but simply involving a matter of personal privilege of the defendant.

I am of opinion that the plea of defendant Luco is sufficient in law, and the same will be allowed.