## CARMEN FUENTES ET AL., Plffs.,

*v.*

## MARCIAL SUAREZ, Dft.

---

San Juan, Equity, No. 953.

JURISDICTION OVER ALIENS.

Jurisdiction—Citizens of Foreign Countries.
 1-2. Neither the Constitution nor the Judicial Code gives the Federal courts jurisdiction where both parties to the suit are

Fuentes v. Suarez.

foreigners, but the district court of the United States for Porto Rico
is given such jurisdiction by the act creating it, under the authority
of § 3 of article 4 of the Constitution.

Appearance—Principal and Ancillary Suit.
    3. Where a party appears in the principal suit, he will be held
to have appeared in an ancillary suit.

Jurisdiction—Repeals by Implication.
    4. The fact of Congress having attached the district court of the
United States for Porto Rico to a circuit in which the jurisdictional
amount is $3,000 did not repeal the provision of the organic act
fixing the jurisdictional amount at $1,000, as this would amount to
a repeal by implication, which is not favored.


Opinion filed June 1, 1915.

———

*Mr. E. B. Wilcox* solicitor for plaintiffs.

*Mr. E. H. F. Dottin* solicitor for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit in equity grows out of another, No. 894, on the law
side of this court, wherein the defendant claimed by petition in
intervention to have acquired by purchase, in accordance with
law, lands levied upon by the plaintiffs in the lawsuit.    The
court considered that the claim of the present plaintiffs, if any
properly existed, must be set up on the equity side of the court.
This direction was duly followed and the present bill was filed.

The defendant's motion now under consideration sets up that
this suit does not really and substantially involve a suit or con-
troversy properly within the jurisdiction of a court of equity.

Several grounds are stated for this, which will be considered in succession.

1. The first is that no diversity of citizenship is shown, and that this court has judicial knowledge that plaintiffs and defendant are aliens. It might be a question how far the court could refer from the pleadings of one case to the pleadings of another case. Bienville Water Supply Co. v. Mobile, 186 U. S. 217, 46 L. ed. 1134, 22 Sup. Ct. Rep. 820. It is alleged that the present suit is ancillary to the other, and that, therefore, reference can be more readily made. However, this question is eliminated by the fact that the plaintiffs on the hearing amended their bill to allege in the present suit, as in the former one, that the parties were aliens of different nationalities.

· The defendant contends that this court has no jurisdiction where the parties plaintiff are of one nationality and the parties defendant of a different nationality. The plaintiffs allege that the organic act of April 12, 1900 [31 Stat. at L. 77, chap. 191] as amended March 2, 1901 (31 Stat. at L. 953, chap. 812, Comp. State. 1913, § 3793), "extends to and embraces controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $1,000." The original act gave this court the ordinary jurisdiction of district courts of the United States, and also the same jurisdiction that the since abolished circuit courts have. Cases in this court usually come up between a Porto Rican and a citizen of an American state, but this does not at all exhaust the jurisdiction of the court. The judicial power of the United States, according to the Constitution, arises under §§ 1 and 2 of article 3, which read as follows:

"Section 1. The judicial power of the United States shall be vested in one supreme court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services a compensation, which shall not be diminished during their continuance in office.

"Section 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;—to all cases affecting ambassadors, other public ministers and consuls;—to all cases of admiralty and maritime jurisdiction;—to controversies to which the United States shall be a party;—to controversies between two or more states;—between a state and citizens of another state;—between citizens of different states;—between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects."

Neither Constitution or judiciary act in terms confers jurisdiction as between individual foreigners of different nationalities, unless the word "state" is to be extended to foreign countries. Remembering, however, that the United States constitute a nation in their relation to foreigners, it might seem at least to be within their power to enable foreigners to sue in national courts, and not be compelled to sue in local courts.

It is, however, "settled that an action between aliens only cannot be maintained in the circuit court. That the language of the judiciary act giving jurisdiction where 'an alien is a party' must be restrained within the terms of the Constitution, which 'only extends the judicial power' to an action between an alien

and a citizen of a state of the United States." Hinckley v. Byrne, Deady, 224, Fed. Cas. No. 6,510. To the same effect are Prentiss v. Brennan, 2 Blatchf. 162, Fed. Cas. No. 11,385, and Pooley v. Luco, 72 Fed. 561. It is held that, in order to give jurisdiction to a Federal court, one party, whether plaintiff or defendant, must appear in the record to be a citizen of the United States. Rateau v. Bernard, 3 Blatchf. 244, Fed. Cas. No. 11,579; Jackson v. Twentyman, 2 Pet. 136, 7 L. ed. 374.

If, then, this case rested upon the general jurisdiction of Federal courts alone, the point raised by the motion would seem to be well taken.

2. The United States district court for Porto Rico, however, has in some respects broader powers than the other district courts of the United States. The amendment of 1901 above quoted in so many words broadens its jurisdiction by giving, in addition to that conferred upon other district courts, jurisdiction "where the parties, or either of them are . . . citizens or subjects of a foreign state or states." This goes beyond the usual Federal rule requiring one of the parties to be a citizen of the United States, and extends the jurisdiction of this court to aliens as such.

It might be questionable under the above decisions whether what are called constitutional district courts could be vested with such additional jurisdiction. This court, however, in order to meet the unusual conditions of a possession or territory a thousand miles from the mainland of the United States, has been vested with additional powers, arising not directly under the judicial clauses of the Constitution above quoted, but under the territorial clause. Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724. This is found in § 3 of article

4 of the Constitution, and reads as follows: "The Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States."

Territory necessarily embraces the people inhabiting it, and the laws and courts governing them will vary with their location. What is suitable for Porto Rico might not be suitable for Hawaii, and Alaska would have to be treated differently from the canal zone. Particularly might the question of aliens come up in such possessions, and it might be proper to give aliens greater rights of suit than would be necessary within the original contiguous limits of the United States. It would seem, therefore, that there is ample reason for a different treatment of the judicial power in this respect in such parts of America.

The difference between constitutional and legislative courts, therefore, is fully justified in the circumstances of Porto Rico. American Ins. Co. v. Canter, 1 Pet. 511, 7 L. ed. 242; Romeu v. Todd, supra.

3. Moreover, in a very proper sense the suit at bar is ancillary to that of Fuentes v. Maldonado, in which the defendant herein intervened. Having come into court and invoked the jurisdiction of the court, he cannot be heard now to say that the cause is beyond the powers of the court. It is somewhat analogous to a waiver of objections to residence by a defendant's removing the cause into the Federal court. 1 Foster, Fed. Pr. 5th ed. § 45. Here the defendant by intervening in the law case submitted himself to the jurisdiction of the court, and cannot take advantage of the technical difference of procedure due to there being law and equity sides to the Federal court. The case becomes analogous to that of a bond given in a case in the Federal

court. This also can be sued on in that court, regardless of the citizenship of the obligors.

It is true that the case at bar is docketed separately from the old suit; but this is a matter of form and of legal procedure, not of essence and merit; and the defendant cannot be heard to allege that it makes any difference so far as he is concerned.

4. Another ground of the motion is that the value or amount involved in this suit is less than the jurisdictional amount of $3,000. This would seem to be designed to raise the question whether the act of January 27, 1915, amending § 116 of the Judicial Code, amended at the same time the organic act so far as that fixes the jurisdictional limitation for this court at $1,-000. A repeal by implication is not favored. In the case at bar it would be not only a repeal by implication, but one of far-reaching importance to the procedure if not to the usefulness of this court. Probably the majority of cases brought in this court are below the $3,000 limitation of the district courts in the Federal districts of the Union. This provision is special in its nature in order to meet special conditions in Porto Rico. Congress can, of course, repeal this as it can any other provision of the organic act; but it should not be held to do so, especially in such an important particular, without a clear intention shown. Neither the reports of the committees in charge, nor the debates in Congress, show any such intention; nor is there any public condition at present calling for such a change. Whether annexing Porto Rico to a circuit where appeal by another section (Jud. Code, § 128) cannot be had for less than $3,000 will make $3,000 the appellate amount for this court also need not be decided. Certainly, however, this is as far as the act of 1915 could be construed to go, if, indeed, it goes so far.

Fuentes v. Suarez.

Even on the mainland there are conditions in the districts which make some differ from others in various particulars. It is not at all clear that Porto Rico, which in some respects occupies an anomalous position, should not and does not retain the special jurisdictional amount heretofore prescribed.

The motion to dismiss, therefore, is overruled, and it is so ordered.