## SCHOONMAKER *v.* GILMORE.

The courts of the United States, as courts of admiralty, have not exclusive jurisdiction of suits *in personam,* growing out of collisions between vessels while navigating the Ohio River.

MOTION to dismiss a writ of error to the Supreme Court of the State of Pennsylvania, to which is united a motion to affirm.

This was an action on the case, brought in the Court of Common Pleas of Allegheny County, Pennsylvania, by Gilmore against Schoonmaker & Brown, owners of the steam-tug "Jos. Bigley." The declaration avers in substance that, by reason of the negligence of the defendants, the tug, when descending the Ohio River, a few miles below Pittsburgh, collided with and damaged certain barges belonging to the plaintiff.

The point was made by the defendants that the courts of the United States have exclusive jurisdiction in cases of collision on navigable waters.

There was a judgment for the plaintiff, on the affirmance of which by the Supreme Court the defendants sued out this writ.

*Mr. Alexander M. Watson* in support of the motions
*Mr. Hill Burgwin, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question in this case is, whether the courts of the United States, as courts of admiralty, have exclusive jurisdiction of suits *in personam,* growing out of collisions between vessels while navigating the Ohio River. This is a Federal question, and gives us jurisdiction; but we cannot consider it as any longer open to argument, as it was decided substantially in *The Moses Taylor,* 4 Wall. 411; *The Hine* v. *Trevor,* id. 555; *The Belfast,* 7 id. 624; *Leon* v. *Galceran,* 11 id. 185; and *Steamboat Company* v. *Chase,* 16 id. 522. The Judiciary Act of 1789 (1 Stat. 73, sect. 9), reproduced in sect. 563, Rev. Stat., par. 8, which confers admiralty jurisdiction on the courts of the United States, expressly saves to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it. That there always has been a remedy at common law for damages by collision at sea cannot be denied.

The motion to dismiss is overruled, and that to affirm granted.

*Judgment affirmed.*

NOTE. — *Brown* v. *Davidson,* error to the Supreme Court of the State of Pennsylvania, involved the same question as the preceding case. It was submitted by the same counsel and determined in the same manner.