CUNARD S. S. CO., Limited, v. SMITH.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 83.

1. COURTS ⟨key⟩12(4)—FEDERAL COURTS—JURISDICTION.
   The federal courts, whose jurisdiction is derived from the Constitution and acts of Congress, have no jurisdiction over an action at law, where both of the parties are aliens.

2. COURTS ⟨key⟩23—FEDERAL COURTS—JURISDICTION.
   The federal court cannot obtain jurisdiction to hear and decide a case by consent of the parties.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ⬤⟹351½—FEDERAL COURTS—JURISDICTION.

Under Judicial Code, § 37 (Comp. St. § 1019), the federal District Judge should dismiss a complaint on his own initiative, where the court was without jurisdiction, the action being between two aliens, and in event of the District Judge's failure to so act, the complaint could be dismissed by the Circuit Court of Appeals.

4. COURTS ⬤⟹12(2)—JURISDICTION—ALIENS.

Aliens who are sui juris, except enemy aliens, may maintain in the proper courts of this country actions to vindicate their rights and redress their wrongs.

5. ADMIRALTY ⬤⟹5—JURISDICTION.

While an admiralty court of the United States is under no obligation to entertain jurisdiction where all the parties are foreigners, it may entertain jurisdiction of a suit between aliens in civil causes of admiralty and maritime jurisdiction, and is inclined to do so when it is necessary to prevent a failure of justice.

6. MASTER AND SERVANT ⬤⟹217(24)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

An experienced longshoreman engaged in loading buckets of dirt, which were hoisted out of the hold of a vessel and by means of a winch and tackle swung over to a lighter and dumped, who knew there was no landing man to watch for descending buckets, assumed the risk of injury therefrom.

In Error to the District Court of the United States for the Southern District of New York.

Action by Edward Smith against the Cunard Steamship Company, Limited. There was a judgment for plaintiff, and defendant brings error. Reversed without prejudice.

This cause comes here on writ of error to the United States District Court for the Southern District of New York. The plaintiff is a subject of the provisional government of Russia and is a resident of the borough of Brooklyn, city and state of New York. The defendant is a foreign corporation organized and existing under the laws of Great Britain.

The action is brought to recover damages in the sum of $25,000 for personal injuries which he received while employed by defendant as a longshoreman on one of its steamships. At the time of his injury the plaintiff was at work in the lower hold of the ship and was engaged in hoisting a part of the cargo of the vessel out of the hold. He was one of a gang of six men engaged in filling tubs or buckets with dirt, the buckets after they were filled being hoisted by means of a winch and tackle and swung over to a lighter on the side of the vessel where the contents were dumped. The opening of the hatch was about twenty feet square.

The allegation is that while the plaintiff was so engaged the bucket was through defendant's negligence and carelessness suddenly and without warning lowered, and that it struck the plaintiff with great force, permanently injuring his spine and back, as well as his chest and left shoulder, and "permanently injuring him about the head and causing him to suffer from permanent nervous shock and debility." The physician who had charge of his case, and who was employed by defendant to treat its employés, was not called by the plaintiff but by the defendant. He testified that when he concluded his treatment the plaintiff was all right and that he could find no possible limitation of motion. The plaintiff obtained a verdict for $2,000.

There are eleven assignments of error. Among the errors assigned it is said that the court erred in denying the defendant's motion to dismiss the complaint, on the ground that no negligence was proved on the part of the defendant, and also on the ground that the plaintiff was shown to have been guilty of contributory negligence and to have assumed the risk. It is also alleged that the court erred in various parts of the charge, and in certain refusals to charge.

Lord, Day & Lord, of New York City (Thaddeus G. Cowell, of New York City, of counsel), for plaintiff in error.

Edward J. McCrossin, of New York City (Francis Stockton Mc-Divitt, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). [1-3] The complaint in this case must be dismissed, and for a reason not mentioned at the argument. The complaint discloses on its face that it is one which a federal court is without jurisdiction to entertain. The jurisdiction of these courts is derived from the Constitution and the acts of Congress. No jurisdiction is conferred upon the federal courts of a case in which both of the parties are aliens. Montalet v. Murray, 4 Cranch, 46, 2 L. Ed. 545; Mossman v. Higginson, 4 Dall. 12, 1 L. Ed. 720; Pooley v. Luco (C. C.) 72 Fed. 561; Prentiss v. Brennan, Fed. Cas. No. 11,385, 2 Blatchf. 162. And this complaint shows that the plaintiff and defendant are both aliens. A court of the United States cannot obtain jurisdiction to hear and decide a case by consent of the parties. People's Bank v. Winslow, 102 U. S. 256, 26 L. Ed. 101; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. It was the duty of the District Judge to have dismissed the complaint on his own initiative, even though the defendant did not call the matter to his attention. Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. § 1019), provides as follows:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

But, as this was not done by the court below, it must be done by this court.

[4] It does not follow, however, that because the District Court of the United States, as such, had no jurisdiction of this cause on account of the alienage of the parties, the plaintiff is therefore unable to bring suit in any of the courts of this country to determine the merits of the action. For the law is, of course, well established that aliens who are sui juris, except alien enemies, may maintain actions to vindicate their rights and redress their wrongs when brought in the proper courts. It has been held in numerous cases that one alien may sue another alien in the state courts, even on contracts made abroad or for a tort committed in a foreign country. 2 C. J. 1070, 1071. And in the case at bar the tort complained of was committed in the North River, in the borough of Manhattan, in the city of New York.

[5] It may also be said, in passing, that while an admiralty court of the United States is under no obligation to entertain jurisdiction where all the parties are foreigners, yet it also may entertain jurisdic-

tion of a suit between aliens in civil causes of admiralty and maritime jurisdiction and is inclined to do so when it is necessary to prevent a failure of justice and if the rights of the parties would thereby be best promoted. C. J. 1258, 1259, where the cases are collected.

[6] As we must dismiss the complaint, and shall dismiss it without prejudice, we might close this opinion at this point. Nevertheless it may be of service to both parties for us to say that upon this record it appears to us that the plaintiff assumed the risk and that he could not have recovered if the court had had jurisdiction to try the case. The plaintiff's testimony shows that at the time of his injury he was 30 years of age; that he was not inexperienced as for a period of 6 years he had been working on longshore work in the hold of vessels in either loading or discharging cargo. It appears that usually there were "landing" men in the hold, whose duty it was to take charge of the descending buckets and to signal to the hold men when the buckets were coming down, and the plaintiff knew that no such men were present on the night of the injury. The following excerpt from the plaintiff's testimony is important:

"Q. You do not depend on any landing man to tell you when a tub is coming down, do you? A. I looked out for myself.

"Q. You looked out for yourself? A. Yes.

"Q. On this occasion you knew that there was not any landing man there. did you not? A. I knew it.

"Q. And how long had you been working there? A. Since 7 o'clock, 7 to half past 10.

"Q. And you had been working under these conditions without a landing man all that time, had you not? A. That night; yes."

In this case the elements out of which the danger arose were plainly visible. There was nothing present calculated to blind the plaintiff to his danger. The danger involved in working in the hold under the circumstances must have been understood by him every minute of the time he was at work that evening, and he could not have but known that he was liable to receive the injuries which he suffered and for which he seeks to recover. One who under such circumstances works assumes the risks as matter of law. For any person of ordinary prudence knew that to work under such conditions necessarily endangered his safety. Butler v. Frazee, 211 U. S. 459, 467, 29 Sup. Ct. 136, 53 L. Ed. 281.

Judgment is reversed without prejudice.

WARD, Circuit Judge (concurring). Inasmuch as we have dismissed the complaint in this cause because we have no jurisdiction to consider it, and have done so without prejudice, so that the plaintiff may present it to any court which has jurisdiction to dispose of it, I refrain from expressing any opinion upon the merits.