## JOHNSON v. PANAMA R. CO.

### (District Court, E. D. New York. October 27, 1921.)

**1. Seamen ⊂⟩29(5)—May sue in district in which defendant resides or has principal place of business, though residing in same state.**

Under Merchant Marine Act June 5, 1920, § 33, giving seamen a right of recovery under certain conditions, and authorizing suit within district in which defendant resides or in which he has his principal office, an action could be brought thereunder in the district in which employer resided, or in which his principal office was located, though plaintiff was a citizen of the same state, notwithstanding provision of Judiciary Act (Comp. St. § 991[1]) giving federal courts jurisdiction in a common-law action for maritime injuries only if parties are citizens of different states.

**2. Seamen ⊂⟩29(5)—Complaint held insufficient to show suit brought in proper district.**

In seaman's action for injuries under Merchant Marine Act June 5, 1920, § 33, complaint *held* insufficient, in that it failed to show suit to have been brought in the district in which the defendant resided or had his principal place of business, as required by such statute.

**3. Seamen ⊂⟩29(5)—Complaint's failure to show suit to have been brought in proper district waived by defendant's failure to appear and move to dismiss.**

In seaman's action for injuries under Merchant Marine Act June 5, 1920, § 33, failure of complaint to show suit to have been brought in district in which defendant employer resided or had his principal place of business *held* waived by defendant's failure to appear specially and move to dismiss.

At Law. Action by Andrew Johnson against the Panama Railroad Company. On plaintiff's motion for judgment on pleadings and defendant's demurrer to complaint. Demurrer overruled.

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Silas B. Axtell, of New York City, for plaintiff.

Richard Reid Rogers, of New York City, for defendant.

GARVIN, District Judge. This is a motion by plaintiff for judgment on the pleadings. Defendant has demurred to the complaint upon the ground that it does not show a cause of action within the jurisdiction of this court.

The complaint sets forth a cause of action for personal injuries under the Merchant Marine Act of June 5, 1920 (41 Stat. 1007, § 33), alleging that the parties hereto are citizens of the same state, but failing to allege that the defendant has its principal or any place of business within the Eastern district of New York. Section 33, supra, provides:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

[1] It is true that the Judiciary Act (Comp. St. § 991 [1]) requires that, if an action is brought in a court of the United States, at common law, to recover for maritime injuries, it must appear that the parties are citizens of different states. See Leon v. Galceran, 11 Wall. 185, 20 L. Ed. 74; Hornthall v. The Collector, 9 Wall. 560, 19 L. Ed. 560. The court cannot agree with defendant's contention that this rule is not modified by section 33, supra. That section gives a right of recovery, under certain conditions, to any seaman and determines the district in which the suit must be brought as that within which defendant resides or in which he has his principal office. The necessary effect of this is to permit a seaman who is a citizen of a state within the district aforesaid and of that district itself to sue, under the statute, in the federal court of the district in question.

[2] The requirement of this section that suit be brought in the district in which the defendant resides or in which his principal office is located has not been followed, so far as is disclosed by the complaint. Plaintiff contends that this objection has been waived because of the failure of defendant to enter a special appearance and make a motion to dismiss, citing Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093, St. Louis & San Francisco R. R. Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, and Ware-Kramer Tobacco Co. v. American Tobacco Co. (C. C.) 178 Fed. 117.

[3] It is quite clear that the effect of the Ware-Kramer Case, just cited, is as claimed by plaintiff. If these conclusions are correct, it follows that, as defendant failed to appear specially and move to dismiss, it has waived its right to object to the venue, and the demurrer must be overruled.