## HEREDIA v. DAVIES.

(Circuit Court of Appeals, Fourth Circuit, April 14, 1926.)

No. 2455.

**1. Admiralty ⊜5.**

In absence of treaty stipulation, admiralty courts of United States have jurisdiction of all matters appertaining to foreign ships in American ports.

**2. Admiralty ⊜5—Federal admiralty court is inclined to take jurisdiction of libel for personal injuries by foreigner against foreign ship, where necessary to prevent failure of justice or to best promote rights of parties.**

Though admiralty court of United States is not obliged to take jurisdiction of libel for personal injuries by foreigner against foreign ship in American port, it is inclined to do so when necessary to prevent failure of justice, or when rights of parties would be thereby best promoted.

**3. Admiralty ⊜118—Discretion of district court in assuming jurisdiction of libel by foreign seaman against foreign ship in American port for personal injuries will not be reviewed on appeal, in absence of showing of abuse.**

Discretion of District Court in assuming jurisdiction of libel by foreign seaman against foreign vessel in American port will not be reviewed on appeal, in absence of showing that it was exercised on wrong principles.

**4. Seamen ⊜29(5).**

Right of foreign seaman on foreign ship to libel ship for personal injuries received in American port is governed by United States laws.

**5. Evidence ⊜81.**

In absence of contrary proof, law of foreign country as to right of seaman to libel vessel for personal injuries is presumed to be same as law of United States.

**6. Seamen ⊜29(5).**

Right of seaman to attach ship for personal injuries relates to matter of procedure, which is covered by law of forum.

**7. Seamen ⊜29(5)—Award for personal injuries to foreign seaman sustained in American port should include allowance for pain and suffering and permanent disability.**

Award for personal injuries to foreign seaman sustained in American port should include allowance for pain and suffering and permanent disability, as well as loss of time and expenses.

**8. Seamen ⊜29(5)—Award of $400 to seaman for painful injury, resulting in 10 per cent. permanent disability to arm, and requiring two operations, held inadequate, and increased to $1,000.**

Award of $400 to foreign seaman on foreign ship in American port for painful injury, resulting in at least 10 per cent. permanent disability to his arm and requiring two operations, *held* inadequate, and increased to $1,000.

Cross-Appeals from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel by Echmundo Heredia against the steamship "Apurimac"; G. F. Davies, master and claimant. Decree for libelant (7 F. [2d] 741), libelee appeals, and libelant cross-appeals. Decree modified.

Samuel E. Forwood, of Norfolk, Va. (Henry Bowden, of Norfolk, Va., and Silas B. Axtell, of New York City, on the brief), for appellant and cross-appellee.

Barron F. Black, of Norfolk, Va. (John S. Wise, Jr., of New York City, and Hughes, Vandeventer & Eggleston, of Norfolk, Va., on the brief), for appellee and cross-appellant.

Before WADDILL and PARKER, Circuit Judges.

PARKER, Circuit Judge. This is a cross-appeal in a libel proceeding filed by Echmundo Heredia, a citizen of Peru, hereafter referred to as libelant, against the Peruvian steamship Apurimac (G. F. Davies, master), hereafter referred to as respondent, to recover damages for personal injuries sustained by him on that vessel while she was at the dock in New York City. Libelant was employed as a messman on the Apurimac. He claims that his arm was broken and that he received other injuries as the result of falling down a stairway while carrying dishes in the regular course of his duties from the galley to the dining room. He claims that his fall was caused by the defective condition of one of the steps of the stairway, in that a piece of metal, the function of which was to hold down the rubber covering of the step, had become loosened and projected above the level of the step, and that this projecting piece of metal caught his foot as he was proceeding down the stairway, and caused him to fall to the bottom. The allegations of libelant as to the condition of the step and the manner in which he received his injury were denied by respondent, and the evidence introduced was widely conflicting. The District Judge found, however, that libelant's injury occurred substantially as claimed by him, and, after a careful review of the evidence, we approve this finding.

[1] Respondent's first contention is that, as libelant was a citizen of Peru and was injured while in the performance of his duties on a Peruvian ship, the courts of the United States are without jurisdiction to entertain the libel. With this contention we cannot

agree. In the absence of treaty stipulation, the courts of admiralty of the United States have jurisdiction of all matters appertaining to a foreign ship while in the ports of this country. The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 29 L. Ed. 152; The Roxen (C. C. A. 4th) 11 F.(2d) 55, decided January 14, 1926; Elder Dempster Shipping Co. v. Pouppirt (C. C. A. 4th) 125 F. 732, 60 C. C. A. 500; Cunard S. S. Co. v. Smith (C. C. A. 2d) 255 F. 846, 167 C. C. A. 174; The Ester (D. C.) 190 F. 216.

[2, 3] While an admiralty court of the United States is under no obligation to entertain jurisdiction of a libel to recover for personal injuries, where libelant is a foreigner and the ship is a foreign ship, it is inclined to do so when (as in this case) it is necessary to prevent a failure of justice, or when the rights of the parties would be thereby best promoted. Cunard Steamship Co. v. Smith, supra. And when in such case the District Court exercises its discretion in favor of assuming jurisdiction, this discretion will not be reviewed on appeal, in the absence of showing that it was exercised on wrong principles, or that the District Judge has acted "so absolutely differently from the view which the court of appeal holds that they are justified in saying he has exercised it wrongly." The Belgenland, supra. There was no such showing in this case. On the contrary we think that the District Court properly took jurisdiction of the cause.

[4, 5] Respondent next contends that the court should have applied the law of Peru in deciding the case, and that under that law a seaman had no right to libel a ship for personal injuries. As the injury complained of was received within the waters of the United States, we think that the learned District Judge properly held that the rights of the parties were to be determined by the law of this country, the lex loci delicti. Minor on Conflict of Laws, par. 195, p. 481; The Hanna Nielsen (C. C. A. 2d) 273 F. 171; The Scotland, 105 U. S. 24, 26 L. Ed. 1001; Wildenhus Case, 120 U. S. 1, 7 S. Ct. 385, 30 L. Ed. 565; Geoghegan v. Atlas Steamship Co., 3 Misc. Rep. 224, 22 N. Y. S. 749. Furthermore, in absence of proof to the contrary, the presumption is that the law of Peru with regard to the right of recovery is the same as the law of this country, the lex fori. The Scotland, supra; Robinson v. Detroit & C. Steam Nav. Co. (C. C. A. 6th) 73 F. 883, 20 C. C. A. 86; Minor, Conflict of Laws, 532.

[6] Proof was offered that under the law of Peru there was no right to attach a vessel, except in certain cases (among which claims for personal injuries were not included), except at the port of registry; but this proof related to a matter of procedure, as to which the law of the forum and not that of the foreign nation governs. Minor on Conflict of Laws, par. 205 et seq.; Pritchard v. Norton, 106 U. S. 124, 129, 1 S. Ct. 102, 27 L. Ed. 104. There was no showing that the law of Peru denies recovery to a seaman injured as a result of the unseaworthiness of the vessel upon which he is serving.

[7, 8] As stated above, we approve the finding of the District Judge as to the manner in which libelant's injury occurred, and we agree with him, also, that respondent is liable in damages to libelant on account of the defective condition of the stairway which caused the injury. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760. We do not think, however, that the damages allowed are an adequate compensation for the injury sustained. Libelant was allowed only $400, which was to cover loss of time and expenses. It appears that nothing was allowed as compensation for pain and suffering, or for the element of permanent disability in the case. We think that the award should have included compensation for these, as well as compensation for lost time and expenses. The evidence shows that the injury was a very painful one, and that it was necessary that libelant submit to two operations, which, although of a minor character, added to his pain and suffering. Two physicians testified that there is some permanent impairment of the function of the arm resulting from the injury, one of them stating that libelant is permanently disabled to the extent of at least 10 per cent. of his ability as a result thereof. Taking all of the circumstances of the case into consideration, we think that libelant should be awarded $1,000 in full compensation for his injury, and the decree of the District Court will be modified accordingly.

Modified.