— In an action by respondent, a Danish seaman, to recover under the Jones Act (Merchant Marine Act, 1920; U. S. Code, tit. 46, § 688) damages for failure of ship’s officers to furnish prompt and proper medical attention, and for future maintenance and cure, judgment in favor of respondent reversed on the law and the facts, without costs, and the complaint dismissed on the law, without costs and without prejudice to a later suit by respondent to recover the expense of such maintenance and cure as may be necessary. It is unnecessary to decide whether or not respondent had a right of action under the Jones Act. If the provisions of that statute were not applicable, plaintiff, nevertheless, had a right of action under the general maritime law (Cortes v. Baltimore Insular Line, 287 U. S. 367), which, in the absence of evidence *949 to the contrary, may be assumed to be the same in the Republic of Panama as it is in this country (The “Scotland”, 105 TJ. S. 24; Heredia v. Davies, 12 F. 2d 500), particularly with respect to the duty to furnish proper medical attendance and treatment for seamen falling ill in the service of the ship, which has been imposed upon shipowners by all maritime nations. (The Iroquois, 194 U. S. 240.) However, as to the first cause of action pleaded, it is our opinion that the evidence was not sufficient to establish a breach of such duty under the general maritime law or actionable negligence under the Jones Act. At most there was established an error in judgment, and there is no proof that the judgment of the ship’s officers was not conscientiously exercised with reference to the conditions existing at the time. In any event, as to the first cause of action the verdict would be set aside and a new trial granted on the ground that the verdict is against the weight of the •evidence. Therefore the findings of fact implicit- in the verdict as to that cause Of action are disaffirmed. As to the second cause of action, the evidence is insufficient to establish that plaintiff is presently in need of maintenance and cure, other than that which he is at present receiving, or that any other maintenance or cure will be necessary, in the immediate future, for a period which can, at present, be definitely ascertained. (Of. Calmar S. S. Corp. v. Taylor, 303 IT. S. 525.) Carswell, Adel, Holán and Sneed, JJ., concur; Hagarty, Acting P. J., concurs in result. [See post, p. 1071.]