## PADUANO
### v.
### YAMASHITA KISEN KABU-SHIKI KAISHA et al.
#### Civ. 13466.

United States District Court,
E. D. New York.
March 31, 1954.

Murray S. Lokietz, and Alfred R. San-dominick, Brooklyn, N. Y. (William A. Blank, Brooklyn, N. Y., of counsel), for plaintiff.

Kirlin, Campbell & Keating, New York City (Roland C. Radice, New York City, of counsel), for defendants.

BRUCHHAUSEN, District Judge.

The defendant moves for reargument of its motion for an order dismissing the amended complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that the action is between aliens and that the Court lacks jurisdiction of the subject matter.

The plaintiff, a citizen of Italy, domiciled in the United States since 1946, instituted the action against the defendant, Yamashita Kisen Kabushiki Kaisha, a foreign corporation, owner of the vessel "Yamashita Maru", and against the defendant, Norton, Lilly & Company, a domestic corporation, to recover damages for personal injuries claimed to have been sustained while the plaintiff was engaged in unloading the vessel at its pier in Brooklyn, New York. The plaintiff at the time was in the employ of a stevedoring concern, John T. Clark and Son, not a party to the action. The plaintiff has demanded a jury trial.

The action is based upon the general maritime law and not upon the Jones Act, 46 U.S.C.A. § 688. The latter act applies only where the action is brought by an employee against his employer.

The plaintiff bases his claim to jurisdiction on the civil jury side of the court in that the action involves a maritime

tort, arising under the Constitution and laws of the United States and the right to a jury trial is "saved" under 28 U.S.C.A. § 1333.

The defendant urges a dismissal of the action on the grounds that this Court is without jurisdiction of an action between aliens and diversity of citizenship is not complete on both sides.

The plaintiff's position is that the absence of diversity of citizenship, or complete diversity on both sides within the meaning of 28 U.S.C.A. § 1332 is of no importance; that the jurisdiction of this Court on the civil jury side is based upon 28 U.S.C.A. § 1331 in that maritime torts are grounded upon maritime law and arise under the Constitution and laws of the United States, wherein the right to a jury trial is "saved" by 28 U.S.C.A. § 1333.

The plaintiff argues that the subject matter of his action is a maritime tort, Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208, cognizable in admiralty through a common law remedy of trial by jury in the district court, that is to say, that the tort "carries the jury trial with it" saving to the person alleging the tort, the right to a jury trial; that since the maritime law is, by virtue of the Constitution, the law of the United States, the tort is within the sphere of federally created rights. Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L. Ed. 748. Thus, it is argued that, regardless of the absence of diversity of citizenship, the case is properly on the civil jury side of the Court. Doucette v. Vincent, 1 Cir., 194 F.2d 834; Moore-McCormack Lines, Inc., v. Amirault, 1 Cir., 202 F.2d 893; Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202. It is further urged by the plaintiff that since he is a longshoreman, and longshoremen are entitled to the remedies of seamen under the Jones Act, International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, and inasmuch as longshoremen are entitled to the benefits of the doctrine of unseaworthiness, Seas Shipping Co. v. Sier-acki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, the plaintiff is entitled to bring this non-statutory action in this Court despite the fact that he is an alien, since his residence of some years in this country would permit him to enforce his rights under the Jones Act within the meaning of Gambera v. Bergoty, 2 Cir., 132 F.2d 414, thus antiquating Cunard S. S. Co. v. Smith, 2 Cir., 255 F. 846.

The Supreme Court in Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, indicated existence of the important question, of whether or not the district court on the civil jury side had jurisdiction of a maritime tort in the absence of diversity. The Court said, 346 U.S. at page 410 in footnote 4, 74 S.Ct. at page 205:

"The complaint shows diversity which is sufficient to support jurisdiction of the District Court. The complaint also shows that the claim rests on a maritime tort which under the Constitution is subject to dominant control of the Federal Government. In this situation we need not decide whether the District Court's jurisdiction can be rested on 28 U.S.C. § 1331, 28 U.S.C.A. § 1331, as arising 'under the Constitution, laws or treaties of the United States.' See Doucette v. Vincent, 1 Cir., 194 F.2d 834, and Jansson v. Swedish American Lines, 1 Cir., 185 F.2d 212, 30 A.L.R.2d 1385. Cf. Jordine v. Walling, 3 Cir., 185 F.2d 662."

Plaintiff, at page 7 of his brief, places the following interpretation upon the footnote:

"Certainly, the Supreme Court of the United States has indicated, in Doucette v. Vincent, cited supra, and Jansson v. Swedish American Line [1 Cir.], 185 F.2d 212 [30 A.L.R.2d 1385], that if the matter were presented directly to them, that is, jurisdiction based solely on a maritime tort, it would hold that such a maritime tort in itself would be sufficient for jurisdiction. No other conclusion can be drawn from

the following language of the Court:

" 'Consequently, the basis of Hawn's action is a maritime tort, a type of action which the Constitution has placed under national power to control in "its substantive as well as its procedural features * * *" ' ."

Such a finality of construction cannot be given to the footnote on page 410 of the Supreme Court's opinion in the Pope & Talbot case by the paragraph on page 409 of 346 U.S., 74 S.Ct. 204, 205. The latter specifically rejected the argument that the Pennsylvania rule with respect to an absolute bar of contributory negligence could defeat a claim based on maritime law, and is not correlative to the footnote. The paragraph clearly bars any state law from infringing on maritime causes but it does not qualify the footnote, which appears to leave the question unanswered.

The case of Doucette v. Vincent, 1 Cir., 194 F.2d 834, is in conflict with the case of Jordine v. Walling, 3 Cir., 185 F.2d 662. Basically, these cases deal with the question of whether or not claims under the Jones Act for negligence, unseaworthiness and maintenance and cure, may all be joined together before a jury on the civil jury side in a case where diversity of citizenship is absent, but the question of fundamental theory is the same, viz.: Is diversity of citizenship needed where a maritime tort is alleged in order to obtain jurisdiction on the civil jury side of the district court?

The argument favoring the necessity for diversity of citizenship is set forth in Jordine v. Walling, 3 Cir., 185 F.2d 662, 666, where the Court discussed 28 U.S.C.A. § 1333 and the " 'saving to suitors' clause":

"The section does, however, save 'to suitors in all cases all other remedies to which they are otherwise entitled.' This 'savings to suitors' clause was intended to carry into Title 28 in modern and simplified form the similar provisions of Sec. 24, par. 3, and Sec. 256, par. 3, of the Judicial Code of 1911 'savings to suitors in all cases the right of a common-law remedy where the common law is competent to give it'.[5] The latter clause has been held to authorize *any competent court which has jurisdiction of the parties* to entertain a civil action at law for the enforcement of a right conferred by the maritime law where the right is of such nature that adequate relief may be given in such an action.[6]

---

5. "28 U.S.C.1940 Ed., §§ 41(3), 371(3). The phrase of the present law 'all other remedies to which they are otherwise entitled' clearly includes the earlier phrase 'the right of a common-law remedy where the common law is competent to give it'. A common law remedy is, of course, a remedy other than in admiralty and a suitor is entitled to it if, and only if, the common law is competent to give it to him.

"The reviser's note to § 1333 states: " 'The "saving to suitors" clause in said sections 41(3) and 371(3) of title 28, U.S.C., 1940 ed., was changed by substituting the words "any other remedy to which he is otherwise entitled" for the words "the right of a common-law remedy where the common law is competent to give it." The substituted language is simpler and more expressive of the original intent of Congress and is in conformity with rule 2 of the Federal Rules of Civil Procedure abolishing the distinction between law and equity.' H. Rep.No. 308, 80th Cong., 1st Sess., p. A118.

"By the Act of May 24, 1949, § 79, 63 Stat. 101, the 'saving to suitors' clause of § 1333 was amended to read as above set out in order to conform more closely to the prior language. H.Rep.No. 352, 81st Cong., 1st Sess., p. 14.

6. "Leon v. Galceran, 1870, 11 Wall. 185 [187–188, 191], 78 U.S. 185, 187–188, 191, 20 L.Ed. 74; [American] Steamboat Company v. Chase, 1872, 16 Wall. 522 [533–534], 83 U.S. 522, 533–534, 21 L. Ed. 369; Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 383–384, 38 S.Ct. 501, 62 L.Ed. 1171; Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410; Engel v. Davenport,

"It is settled that a seaman's right to damages for a maritime tort and his right to maintenance and cure may each be adequately enforced in a civil action at law and that state courts of general common law jurisdiction may, *if they acquire jurisdiction of the parties,* entertain such actions for the enforcement of those rights." [7]

The Court in the case of Jordine v. Walling, supra, 185 F.2d at page 667 said:

"It does not necessarily follow, however, that the federal district courts may also entertain such actions for they are not courts of general common law jurisdiction but are strictly limited to the jurisdiction conferred upon them by Congress.[8] Where, however, there is diversity of citizenship the federal district courts are empowered by Section 1332 of Title 28 United States Code to entertain civil actions in the nature of actions at law both for maritime torts and for maintenance and cure if the amount in controversy in each instance exceeds $3,000." [9]

The Court in the case of Jordine v. Walling, supra, 185 F.2d at page 667 considered the possibility of jurisdiction under 28 U.S.C.A. § 1331 as it implements Article III, Section 2 of the Constitution, which is the plaintiff's contention in the case at bar. Section 1331 is as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

As to this contention, the Court in Jordine v. Walling, supra, 185 F.2d at page 667 said: (Italics ours)

"It is settled, however, that cases arising under the 'laws * * * of the United States' to which the section refers are *only* such as grow out of the *legislation of Congress* and involve the validity, construction or application of acts of Congress.[11] They, therefore, *do not include cases arising under those general principles of the maritime law* [12] *which have not been modified*

1926, 271 U.S. 33, 37, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. Co. v. Vasquez, 1926, 271 U.S. 557, 560–561, 46 S.Ct. 596, 70 L.Ed. 1085.

7. "Leon v. Galceran, 1870, 11 Wall. 185, 78 U.S. 185, 20 L.Ed. 74; [American] Steamboat Company v. Chase, 1872, 16 Wall. 522, 83 U.S. 522, 21 L.Ed. 369; Panama R. Co. v. Vasquez, 1926, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085.

8. "United States v. Hudson, 1812, 7 Cranch 32, 11 U.S. 32, 3 L.Ed. 259; Gillis v. California, 1934, 293 U.S. 62, 66, 55 S.Ct. 4, 79 L.Ed. 199; Chicot County [Drainage] Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 76–77, 62 S.Ct. 15, 86 L.Ed. 47; Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339.
 "In Stevens v. R. O'Brien & Co., 1 Cir., 1933, 62 F.2d 632, 633 and Nolan v. General Seafoods Corporation, 1 Cir., 1940, 112 F.2d 515, 517, this distinction was apparently not recognized. Compare Mc-

Donald v. Cape Cod Trawling Corporation, D.C.Mass., 1947, 71 F.Supp. 888, 891–892.

9. "Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410; Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194, 196.

11. "State of Tennessee v. Davis, 1879, 100 U.S. 257, 264, 25 L.Ed. 648; New Orleans, M. & T. Railroad Co. v. Mississippi, 1880, 102 U.S. 135, 141, 26 L.Ed. 96; Shulthis v. McDougal, 1912, 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205.

12. "American Insurance Co. v. Canter, 1828, 1 Pet. 516, 26 U.S. 511, 544, 7 L. Ed. 242; The Chusan, 1843, Fed.Cas. No.2,717; The Lottawanna, 1874, 21 Wall. 558 [572, 574–576], 88 U.S. 558, 572, 574–576, 22 L.Ed. 654; The Osceola, 1903, 189 U.S. 158, 168–169, 23 S.Ct. 483, 47 L.Ed. 760; Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 215, 37 S. Ct. 524, 61 L.Ed. 1086; Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 385–387, 44 S.Ct. 391, 68 L.Ed. 748.

*by Congressional legislation.* This is, of course, *not* to say that the rules of the maritime law *may not* be altered by Congress [13] or that if so altered they will not thereby become 'laws * * * of the United States' within the meaning of Section 1331."

The Court in Jordine v. Walling, supra, then discussed the difference between cases in " 'Law and Equity' " and " 'Cases of admiralty' " as separately delineated in the Constitution. The Court in Jordine v. Walling, supra, 185 F.2d at page 668, said, referring to what it considers the obvious exclusion of cases arising in admiralty: (Italics ours)

"They thus exclude 'Cases of admiralty and maritime Jurisdiction', as to which cases jurisdiction is separately conferred by the same section of the Constitution. In thus making *separate provision* for jurisdiction over cases in law and equity arising under the Constitution, laws and treaties on the one hand, and cases of admiralty and maritime jurisdiction on the other, the Constitution, as Chief Justice Marshall pointed out long ago in American Insurance Co. v. Canter, 1828, 1 Pet. 511 [545], 26 U.S. 511, 545 [7 L.Ed. 242], contemplated *distinct classes of cases* so that the *grant of jurisdiction over one class did not confer jurisdiction over the other.* The logic of the great expounder of the Constitution is unanswerable. *If admiralty cases were understood to arise under the Constitution or laws of the United States it was wholly unnecessary to mention them separately.*"

The clash of fundamental theory is emphasized by an analysis of Doucette v. Vincent, 1 Cir., 194 F.2d 834, which is in conflict with Jordine v. Walling, supra. The case of Doucette v. Vincent, supra, as well as Jordine v. Walling, supra, involved the joinder on the civil jury side of claims arising under the doctrines of seaworthiness and maintenance and cure. The Court in Doucette v. Vincent, supra, 194 F.2d at page 841, discussed the jurisdictional question and said that there is no question that the Constitutional divisions of " 'Cases in Law and Equity' " and "cases in admiralty" are not redundant since the admiralty itself is unique, and is separately set up, citing The Moses Taylor, 4 Wall. 411, 18 L.Ed. 397, and Rounds v. Cloverport Foundry & Machine Co., 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966. Yet causes of action for personal injuries could be brought as "Cases in Law" under the foundation of Schoonmaker v. Gilmore, 1880, 102 U.S. 118, 26 L.Ed. 95 and Panama R. Co. v. Johnson, 264 U.S. 375, 388, 44 S.Ct. 391, 68 L.Ed. 748. Thus, it is argued, the remedy is saved to the suitor under 28 U.S.C.A. § 1333, allowing district court jurisdiction in the application of the uniform admiralty law of the United States, as adopted and established by the Constitution, eliminating the requirement of diversity. In other words, it is claimed that the nature of the action makes the district court a competent court, on the civil jury side, because of the substantive foundation of the action, Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 160, 40 S.Ct. 438, 64 L.Ed. 834, and the suitor thus retains his remedy, so to speak, without any further requirement, Chelentis v. Luckenbach Steamship Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171, since it is based on controlling federal law. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239. In addition, it is argued in footnote 8 of Doucette v. Vincent, supra, that not only are three contra United States Supreme Court cases antiquated, but a fourth written by Chief Justice Marshall "was not one of his most luminous opinions". The non-luminous opinion referred to in footnote 8 is American Insurance Co. v. Canter, 1 Pet.

---

13. "O'Donnell v. Great Lakes [Dredge & Dock] Co., 1943, 318 U.S. 36, 40–41, 63 S.Ct. 488, 87 L.Ed. 596."

511, 545, 26 U.S. 511, 545, 7 L.Ed. 242, and is the case referred to in Jordine v. Walling, 3 Cir., 185 F.2d 662, 668, as deserving a description that "The logic of the great expounder of the Constitution is unanswerable."

The essence of defendant's position rests upon its theory of Jordine v. Walling, supra, and cases cited therein, which hold that these actions do not properly arise under 28 U.S.C.A. § 1331, thus calling for the rules with respect to diversity of citizenship and upon Cunard S. S. Co. v. Smith, 255 F. 846, which was a dismissal of an action between an alien longshoreman resident in Brooklyn against an alien steamship company, by the United States Court of Appeals for the Second Circuit.

Once having set forth the fundamental theories, it seems proper to analyze the leading authorities as they bear a relationship to both the arguments of the parties, and the juridical position of a district court when faced with such a question.

 First, it is settled law that a cause of action arising under the maritime law is governed by admiralty principles, and that those principles are applied wherever the cause is brought completely unfettered by any contravening law, and operating uniformly throughout the land. Southern P. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L. Ed. 1086. There is no doubt "that the district court, sitting in admiralty, was entitled to declare the applicable law in such a case, as it was within the power of Congress to modify that law" is the correct and fixed principle as stated in Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 62, 34 S.Ct. 733, 735, 58 L.Ed. 1208, 1213. The principles may be enforced, not only in a district court sitting in admiralty, but elsewhere, as was said in Waring v. Clarke, 5 How. 441, 460, 461, 12 L.Ed. 226, 236, cited in Panama R. Co. v. Johnson, 264 U.S. 375, 388, 44 S.Ct. 391, 68 L.Ed. 748:

"In respect to the clause in the ninth section of the Judiciary Act

—'saving and reserving to suitors in all cases a common law remedy where the common law is competent to give it'—we remark, its meaning is, that in cases of concurrent jurisdiction in admiralty and common law, the jurisdiction in the latter is not taken away. The saving is for the benefit of suitors, plaintiff and defendant, when the plaintiff in a case of concurrent jurisdiction chooses to sue in the common law courts, so giving to himself and the defendant all the advantages which such tribunals can give to suitors in them."

The fact that the case of Waring v. Clarke, supra, was cited in Panama R. Co. v. Johnson, 264 U.S. 375, 388, 44 S.Ct. 391, 68 L.Ed. 748, involving the Jones Act, together with other cases cited therein, should be here noted. In Panama R. Co. v. Johnson, supra, 264 U.S. at page 388, 44 S.Ct. at page 394, the Court said:

"But, as Congress is empowered by the constitutional provision to alter, qualify or supplement the maritime rules, there is no reason why it may not bring them into relative conformity to the common-law rules or some modification of the latter, if the change be country-wide and uniform in operation. Not only so, but the constitutional provision interposes no obstacle to permitting rights founded on the maritime law or an admissible modification of it to be enforced as such through appropriate actions on the common-law side of the courts—that is to say, through proceedings in personam according to the course of the common law. Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 384, 38 S.Ct. 501, 62 L.Ed. 1171; Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 159, 40 S.Ct. 438, 64 L.Ed. 834. This was permissible before the Constitution, and is still permissible. Judicial Code, §§ 24 and 256; Waring v. Clarke, 5 How. 441, 460, 12 L.Ed. 226; New Jersey Steam Navigation

Co. v. Merchants' Bank, 6 How. 344, 390, 12 L.Ed. 465; Leon v. Galceran, 11 Wall. 185, 188, 191, 20 L.Ed. 74; Schoonmaker v. Gilmore, 102 U.S. 118, 26 L.Ed. 95; Knapp, Stout & Co. v. McCaffrey, 177 U.S. 638, 646, 20 S.Ct. 824, 44 L.Ed. 921; Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582."

Part of the opinion in Leon v. Galceran, 11 Wall. 185, 188, 20 L.Ed. 74, is as follows: (Italics ours)

"Where the suit is in rem against the ship, or ship and freight, the original jurisdiction of the controversy is exclusive in the district courts, as provided by the 9th section of the judiciary act; but when the suit is in personam against the owner or master of the vessel, the mariner may proceed by libel in the district court, or he may, at his election proceed in an action of law either in the circuit court, *if he and his debtor are citizens of different states,* or in a state court as in other causes of action cognizable in the state and Federal courts, exercising jurisdiction in common-law cases, as provided in the 11th section of the judiciary act. 1 Stat. at L. 78; The Belfast, 7 Wall. [624] 642, 644, 19 L.Ed. [266], 271."

Leon v. Galceran, supra, is cited in Panama R. Co. v. Johnson, supra.

The Court in Leon v. Galceran, supra, then discussed the "savings clause" in relation to the question of jurisdiction and continued as follows: (Italics ours)

"He may have an action at law in the case supposed either in the circuit court or in a state court, because the common law, in such a case, is competent to give him a remedy, *and wherever the common law is competent to give a party a remedy in such a case,* the right to such a remedy is reserved and secured to suitors by the saving clause contained in the 9th section of the judiciary act."

The reference to a competent court having jurisdiction over the parties in Leon v. Galceran, supra, is clear. That portion of The Belfast, cited as 7 Wall. 624, 642, 644, 19 L.Ed. 266, 271, referred to in Leon v. Galceran, supra, reads as follows: (Italics ours)

"Properly construed, a party under that provision may proceed in rem in the admiralty; or he may bring a suit in personam in the same jurisdiction; or he may elect not to go into admiralty at all, and may resort to his common-law remedy in the state courts or in the circuit court of the United States, *if he can make proper parties to give that court jurisdiction of his case.*"

The italized reference to "proper parties", supra, is with specific reference to diversity of citizenship in The Belfast, 7 Wall at pages 643, 644, 19 L.Ed. 266.

The same reasoning is apparent in American Steamboat Co. v. Chase, 16 Wall. 522, 533, 21 L.Ed. 369, cited in footnote 6 of Jordine v. Walling, 3 Cir., 185 F.2d 662, 666. The Court wrote: (Italics ours)

"Where the suit is in rem against the thing, the original jurisdiction is exclusive in the district courts, as provided in the 9th section of the judiciary act; but when the suit is in personam against the owner, the party seeking redress may proceed by libel in the district court, or he may, at his election, proceed in an action at law, *either in the circuit court if he and the defendant are citizens of different states,* or in a state court as in other cases of actions cognizable in the state and Federal courts exercising jurisdiction in common law cases, as provided in the 11th section of the judiciary act. Leon v. Galceran, 11 Wall. 188, 20 L.Ed. 75. He may have an action at law, in the case, supposed, either in the circuit court or in a state court, because the common law in such a case is competent to

give him a remedy, and wherever the common law in such a case is competent to give a party a remedy, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the 9th section of the judiciary act, 1 Stat. at L. 78; The Belfast, supra; The Moses Taylor, supra; The Hine v. Trevor, supra. [4 Wall. 555, 18 L. Ed. 451].

The statements are made in Doucette v. Vincent, 1 Cir., 194 F.2d 834, 843, at footnote 8 that the rationale of the cases of The Belfast, Leon v. Galceran, and American Steamboat Co. v. Chase, are purely dictum, as is the reasoning of American Insurance Co. v. Canter, 1 Pet. 511, 545, 7 L.Ed. 242, and that the opinion in the latter case is "not one of his [Justice Marshall] most luminous opinions." Those cases, at least, contain carefully considered reasons in support of the decisions if not actually semble, and certainly such precise Supreme Court guides in the absence of strong contra Appellate reasoning should not be lightly set aside. Cf. The rationale applied in 5 Moore's Federal Practice 280, 281, footnotes 12–18. It is further stated in footnote 8 of Doucette v. Vincent, supra, that these cases are, in any event, antiquated since they are of the Pre-Jensen era before it was recognized that in a suit at common law on a maritime tort, maritime law is applicable. It is further argued therein, that these cases were decided prior to 1875, before the Circuit Courts were given general original jurisdiction. If that is so, what can be the explanation for the citation of Leon v. Galceran, 11 Wall. 185, 188, 20 L.Ed. 74, in Panama R. Co. v. Vasquez, 271 U.S. 557, 560, 46 S.Ct. 596, 70 L.Ed. 1085, in its discussion of the savings clause and tortious claims thereunder? The Court said, discussing jurisdiction 271 U.S. at page 560, 46 S.Ct. at page 597: (Italics ours)

"And it uniformly has been regarded as permitting such actions to be brought in either the federal courts or the state courts, as the *possessor of the right may elect.* Leon v. Galceran, 11 Wall. 185, 188, 20 L.Ed. 74".

It will be recalled that the Supreme Court said in Leon v. Galceran, supra, 11 Wall. at page 188, 20 L.Ed. 74:

" * * * *or he may at his election,* proceed in an action of law either in the circuit court, if he and his debtor are citizens of different states, * * *."

This is a strong answer to the argument of dictum, as is 5 Moore's Federal Practice, 280, 281, and footnotes therein. In addition, Panama R. Co. v. Vasquez was decided in 1925, nine years after the decision in Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, and fifty years after the jurisdictional change alluded to in footnote 8 of Doucette v. Vincent, supra. In footnote 8 of Doucette v. Vincent, the Court interprets Mr. Justice Black's words in Garrett v. Moore-McCormack Co., 317 U.S. 239, 244, 245, 63 S.Ct. 246, 250, 87 L.Ed. 239, wherein the Justice referred to Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218 as "an 1893 decision". It would seem that such reasoning is of little pertinence here, since there is no doubt that admiralty rules rather than the common law rule of contributory negligence apply in collision cases which was the subject matter of the Garrett case, 317 U.S. at pages 244, 245, 63 S.Ct. at pages 250, 251.

Three cases mentioned in footnote 6 of Jordine v. Walling, 3 Cir., 185 F.2d 662, 666, point in the direction of a requirement of diversity. A well reasoned case clearly stating the requirement of diversity of citizenship on the civil jury side is Philadelphia & R. R. Co. v. Berg, 3 Cir., 274 F. 534, 538, 539, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410. It was not passed upon directly since diversity was present, and the court itself stated that the Supreme Court had not passed on the question, but the reasoning of the case is persuasive. The Court also cited Engel v. Davenport, 271 U.S. 33, 37, 46 S.Ct. 410, 70 L.Ed. 813, and Chelentis v. Luckenbach

S. S. Co., 247 U.S. 372, 383, 384, 38 S.Ct. 501, 62 L.Ed. 1171, two diversity cases, based on statutes, for the proposition that the action may be brought in a competent court having jurisdiction of the parties. The argument, of course, is that when the action is based on statute, diversity is not needed, and thus Chelentis v. Luckenbach S. S. Co., supra, is of less value to plaintiff. Cf. Garrett v. Moore-McCormack Co. 317 U.S. 239, 243, footnote 6, 63 S.Ct. 246, 87 L.Ed. 239; 5 Moore's Federal Practice 281, footnote 15.

The utilization of Schoonmaker v. Gilmore, 102 U.S. 118, 26 L.Ed. 95, citing The Belfast, Leon v. Galceran, and American Steamboat Co. v. Chase, all supra, in Panama R. Co. v. Johnson, supra, 264 U.S. at page 388, 44 S.Ct. at page 394, adds further weight to the position requiring diversity of citizenship. The cases of Knapp, Stout, & Co. v. McCaffrey, 177 U.S. 638, 20 S.Ct. 824, 44 L.Ed. 921, Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927, and Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, do not aid plaintiff's position. For a good discussion of common law remedy see Knapp, Stout, & Co. v. McCaffrey, 177 U.S. 638, 644, 20 S.Ct. 824, 44 L.Ed. 921, and Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 123, 124, 44 S.Ct. 274, 68 L.Ed. 582. As a matter of fact, the district court opinion in Johnson v. Panama R. Co., D.C., 277 F. 859, 860, where it was alleged that the parties were citizens of the same state, reasoned that the former rule requiring diversity of citizenship was no longer applicable when the Jones Act was utilized. Judge Garvin, 277 F. at page 860, said: (Italics ours)

"It is true that the Judiciary Act (Comp.St. § 991[1] ) requires that, if an action is brought in a court of the United States, at common law, to recover for maritime injuries *it must appear that the parties are citizens of different states.* See Leon v. Galceran, 11 Wall. 185, 20 L. Ed. 74; Hornthall v. The Collector,

9 Wall. 560, 19 L.Ed. 560. The court cannot agree with defendant's contention that this rule is not modified by section 33, supra. *That section* gives a right of recovery, under certain conditions, to *any seaman* and determines the district in which the suit must be brought as that within which defendant resides or in which he has his principal office. The necessary effect of this is to permit a seaman who is a citizen of a state within the district aforesaid and of that district itself to sue, *under the statute,* in the federal court of the district in question."

The Circuit Court for the Second Circuit, on appeal, 289 F. 964, 983, referring to trial by jury, said: (Italics ours)

"If it be assumed that he had no such right previously, then the right is one arising under a law of the United States * * *"."

Although the cited portion, supra, is only an assumption strongly qualified by an "if", there is certainly authority for it. Indeed, the cases cited in footnote 8 of Jordine v. Walling, supra, 185 F.2d at page 667, although on different facts, support the rooted theory that the Courts only have such jurisdiction as is conferred upon them, and that Federal jurisdiction is not to be unduly expanded. Coupling this with authority in support of a diversity requirement and in support of the theory that admiralty cases do not arise under the laws of the United States, the theory of Jordine v. Walling, as it is pertinent here, seems better founded than the theory that a "uniform federal law" is the foundation of original jurisdiction. See Doucette v. Vincent, 1 Cir., 194 F.2d 834, 843–846. Judge Marshall's reasoning in American Insurance Co. v. Canter, 1 Pet. 511, 26 U.S. 511, 7 L.Ed. 242, wherein he stated that admiralty cases are distinct and that if they were understood to arise under the "constitution or laws" of the United States it would have been unnecessary to mention them separately, seems well founded. As to the procedural question of joinder of different

causes of action, under the Jones Act, this Court need not rule. At least joinder has not been disapproved in the Second Circuit. See Gonzales v. United Fruit Co., 193 F.2d 479, 480, footnote 1, citing 5 Moore's Federal Practice 281–285, which criticizes Jordine v. Walling, insofar as it does not permit joinder under the Jones Act in the absence of diversity of citizenship. *But,* as to cases *not* under the Jones Act, see 5 Moore's Federal Practice 280, 281, *especially footnotes* 17 and 18, citing cases previously discussed, requiring diversity of citizenship *before Congress acts to make a law of the United States.* For amplification with respect to the Constitution or Laws of the United States, see the cases cited in footnote 11 of Jordine v. Walling, supra, 185 F.2d at page 667 therein.

 Thus, plaintiff's argument as earlier set forth must fall. Neither Panama R. Co. v. Johnson, Atlantic Transport Co. v. Imbrovek, Garrett v. Moore-McCormack Co., nor Pope & Talbot, Inc., v. Hawm, afford the authority he needs. Uniform application of an admiralty right does not in and of itself create civil jury jurisdiction, nor can the extension of remedies as in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, and International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, create such jurisdiction. It is obvious from a reading of Gambera v. Bergoty, 2 Cir., 132 F.2d 414, 415, that the only question answered therein, as pointed out by the Circuit Court, was whether a particular individual was entitled to the protection of the Jones Act. Thus, it does not affect the status of one outside the cloak of the act who must necessarily be governed by Cunard S. S. Co. v. Smith, 2 Cir., 255 F. 846.

In summary, the weight of authority requires a dismissal of this action on the civil jury side of this Court. This decision supersedes the prior decision made by this Court herein, which was rendered under a misapprehension that it was an action under the Jones Act.

The motion for reargument is granted and upon said reargument the defendant's motion for a dismissal of the amended complaint is granted.

Settle order in conformity with this decision.